DICKERSON *v.* NELSON and Another.

A certificate for canal-land which shows on its face that part of the purchase-money is unpaid, is not, under the R. S. 1843, evidence of legal title.

Where the certificate has been assigned, a levy upon and sale of the assignor's equitable interest, on a judgment rendered against him before the assignment, conveys no title to the purchaser.

A bill will lie by the assignee of the original holder to enjoin a judgment-creditor of the latter, whose judgment was rendered before the assignment, from levying an execution issued on such judgment upon the land.

*Monday,
May 30.*

APPEAL from the *Allen* Circuit Court.

STUART, J.—*Dickerson* filed his bill in chancery to enjoin *Nelson* from levying an execution on certain real estate.

It appears that *Nelson* had recovered a judgment at law against one *Castleman*. At the time of the recovery, *Castleman* was the owner of certain lands held by canal-certificates, on which there was still part due at the land-office, so that certificates of final payment had not issued. After the recovery at law, and before execution issued, and also before final payment, *Castleman* sold the land to *Dickerson*, the complainant, and assigned the canal-land certificates accordingly. *Dickerson* paid out the land at the proper office, surrendered the certificates assigned to him by *Castleman*, and received certificates of final payment. On part of the land *Nelson* levied his execution

issued on the *Castleman* judgment. The bill was filed and the injunction granted in vacation. At the next term, on *Nelson's* motion, the injunction was dissolved, and the bill dismissed for want of equity.

Prior to the statute of 1833, land-office certificates were not evidence of legal title. *Mosier* v. *Smith*, 3 Blackf. 132. The revision of 1843 is the same, p. 455, s. 8. A certificate which shows on its face there is part yet due, is not embraced by the statute—is not evidence. of legal title. The holder of such a certificate can only demand a deed or patent on certain conditions. In this respect his certificate is like a title-bond, and the title of the owner merely equitable. So this Court has hitherto regarded our canal-land certificates, and others sold on credit. *Miller* v. *Tipton*, 6 Blackf. 238.

While *Castleman* held the land, he had no title on which, under the statute, the judgment could be a lien, or the execution be levied. It is clear, then, that *Nelson's* judgment, not being a lien on the land, a levy and sale of *Castleman's* equitable interest, after the transfer to *Dickerson*, would have conveyed no title to the purchaser. *Modisett* v. *Johnson*, 2 Blackf. 431.—8 *id.* 420.—1 Ind. R. 246.

It may be said that admitting *Nelson's* judgment not to be a lien on the land, still *Dickerson's* remedy is at law and not in equity, and therefore the bill was correctly dismissed. We cannot so regard it. No doubt *Dickerson* had a remedy at law. He might have waited until the purchaser under *Nelson's* execution brought ejectment. But would this be as speedy or complete a remedy as in chancery? Must *Dickerson* fold his arms till a cloud is cast over his title, rendering his property less valuable if he wished to dispose of it? Surely not. He is entitled to more speedy and effectual relief than to wait the designs or the convenience of the purchaser on execution, to assert his title. Chancery will grant an injunction to prevent a party from using legal process for purposes of vexation or injustice. 2 Root, 109. In *Hamilton* v. *Cummings*, this question is elaborately considered by *Kent*,

chancellor. That was the case of a bond admitted to be void at law, the collection of which the heir of the obligor sought to have enjoined and the bond itself cancelled. The following remarks of the chancellor apply with equal force to this case as to that:

"It is not convenient or just that such a bond should continue with a pretension to assets in the hands of the plaintiff. It might embarrass their application, or weaken their security, or poison their enjoyment. It is wrong for a person to retain a bond which is useless to him, and only an annoyance to others." 1 *Johns. Ch. R.* 517. So, by analogy, it would be wrong to permit *Nelson* to make a sale of land on execution which would be wholly worthless to the purchaser, and only an annoyance to *Dickerson*. In *Pettit* v. *Shepherd*, 5 Paige 493, it was held that an injunction will be granted to stay a sale on execution, though the party have a perfect defence at law against the purchaser. Equity will also enjoin a sale of real estate on execution where no valid title would pass, and where the sale would involve the title of the complainant in suspicion. 2 Ohio 470. "If," says *Walworth*, chancellor, "courts of chancery have jurisdiction to set aside a deed made on sheriff's sale, it seems to follow, as a necessary consequence, that they may interpose to prevent such a shade from being cast on the title, by enjoining the sale. 5 Paige 501. As further authority, may be cited 3 Ohio 72.—5 *id.* 178.—2 Paige 482.—6 *id.* 262.— 3 How. 463. These are all cases either directly in point, or analogous in principle, to the one under consideration.

We think the Court erred in dissolving the injunction, and dismissing the bill.

*Per Curiam.*—The decree is reversed with costs. Cause remanded with instructions to the Circuit Court to make the injunction perpetual.

D. H. *Colerick* and R. L. *Walpole,* for the appellant.

R. *Brackenridge*, Jr., for the appellees.