GENTRY v. ALLISON et al.

SHERIFF'S SALE—PROPERTY SUBJECT TO EXECUTION—A judgment is no lien on land which the debtor holds by a bond conditioned for the execution of a title on payment of the purchase money, though he had taken possession and paid the money, either before or after the rendition of the judgment; and a sheriff's sale, on execution against the obligee, of land so held, conveys to the purchaser no effective interest in the premises, and gives him no right, by way of subrogation, or otherwise, to take the place of the obligee in the bond.

APPEAL from the *Owen* Circuit Court.

DAVISON, J.—The appellant, who was the plaintiff, sued *Wylie Williams, Joseph E. Goss, William D. Alexander, Curtis G. Hussey* and *Noah Allison*, president of the Bank of *Gosport*, alleging, in his complaint, that in *December*, 1858, he recovered, in the *Putnam* Circuit Court, a judgment against *William D. Alexander*, then the president of said bank, and others, stockholders therein, for 6,000 dollars; that an execution was duly issued thereon, and by virtue of it the sheriff levied on parts of lots Nos. 3 and 4, in block No. 10, in the town of *Gosport*, fronting 24 feet on *Main* street in said town; and that afterwards, in *July*, 1859, the property so levied on was duly offered for sale by the sheriff, and by him, for the consideration of 200 dollars, duly sold to the plaintiff, who received a deed pursuant to the sale, whereby all the right of said bank in and to said property passed to and became vested in him; that the property was purchased by the bank of *William D. Alexander, Curtis G. Hussey* and *Joseph E. Goss;* that is to say, she purchased 12 feet of it from *Alexander*, and the residue, being 12 feet, from *Hussey* and *Goss*, for which she agreed to pay 500 dollars; to be paid as follows: 250 dollars to *Alexander*, and 250 dollars to *Hussey* and *Goss;* that the bank, in pursuance of her purchase, took pos-

session of the property, and with the consent of the vendors erected thereon a banking house, which cost her 1200 dollars, and which she occupied peaceably for at least three years; and that during the time the bank so occupied the property, the said *Alexander*, as also the said *Hussey* and *Goss*, were and still are severally indebted to her in sums of money which, in amounts, exceed the several sums which she agreed to pay them respectively for the property; that they, *Alexander*, and *Hussey* and *Goss*, have, up to this time, failed and neglected to make to the bank a conveyance for the property sold to her as aforesaid, and that in the meantime the 12 feet purchased of *Alexander* was levied on as his property, by virtue of an execution against him, was offered for sale by the sheriff, and bid off by the defendant, *Williams*, who, at the time, had full notice of previous sale to the bank, of her possession of the property, and of the improvements which she had made thereon. And the plaintiff avers that he has succeeded to all the rights of the bank in and to said property and the building thereon; that he is now in possession of the same under his purchase at sheriff's sale; that he is entitled to a conveyance from *Alexander*, and from *Hussey* and *Goss*, who are respectively entitled to a credit, each for 250 dollars, on their respective indebtedness to the bank, making in all 500 dollars, with interest, &c.; and that *Williams* is entitled to no right, interest or estate in virtue of his purchase as aforesaid. The relief sought is, that the bank shall enter and allow to *Alexander* a credit upon his indebtedness to her, on general account, of 250 dollars with interest, in discharge and payment of the purchase money due to him, and that a like sum and interest be allowed to *Hussey* and *Goss*, by way of a credit on general account with the bank, in payment of the purchase money due to them; that the bank be compelled to enter and allow said credits respectively; that the title of *Williams* to the property be declared a nullity, and that *Alex-*

Gentry *v.* Allison et al.

*ander,* and *Hussey* and *Goss,* convey the same to the plaintiff, &c.; and that he have other relief, &c.

The defendants demurred to the complaint; the Court sustained the demurrer, and the plaintiff excepted, &c. Final judgment was rendered, &c.

The complaint assumes that, by the sheriff's sale and conveyance, all the rights of the bank in and to the property passed to and vested in the plaintiff. This position can not be maintained. The judgment upon the execution issued was no lien on the property; the bank had not the legal title, and the result is the sheriff's sale was inoperative and did not invest the plaintiff with any effective interest in the premises. *Modisett* v. *Johnson,* 2 Blackf. 431. This decision has been recognized as correct by various adjudications of this Court, and is decisive of the point under discussion. But the appellant insists that though he may not have any rights growing out of the sheriff's sale, still, "upon the facts conceded by the demurrer, he is entitled in equity to compel the entry of the credits for the money actually paid by the grantors, and to compel deeds from them." No argument or authority has been adduced in support of these propositions, nor do we know of any. Perhaps the facts alleged, if they exist, would entitle the plaintiff to proceed under the statute regulating "proceedings supplementary to execution;" but this is not such a proceeding, nor has he any rights deduceable from the alleged facts which would authorize the Court, upon his complaint, to compel the entry of the credits, or the conveyance of the property. We think the demurrer was well taken, and hence the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.[1]

*McDonald & Roache,* for the appellant.

(1) Petition for rehearing overruled, *August* 26, 1863.