## Terrell et al. *v.* Prestel.

Judgment.—*No Lien on Land held by Equitable Title.—Mistake in Conveyance to Judgment Debtor.—Reformation of, by Subsequent Purchaser.—Sheriff's Sale —Quieting Title.*—After the rendition of a judgment by a common pleas court, a certain town lot was sold, and possession thereof delivered, to the judgment debtor ; but, by mistake, the deed of conveyance to the judgment debtor described a different lot, being one to which the grantor never had any title. Subsequently. the judgment debtor sold, and delivered possession of, the same lot to A., but, by mistake. it was misdescribed as before. A. afterward having, in the proper action, obtained a decree reforming such conveyances, and having also obtained a conveyance of the lot by a commissioner appointed by the court, the executors of the judgment creditor caused execution to be issued upon such judgment and levied on such lot, and purchased the same at sheriff's sale on such execution.

*Held,* in an action by A. against such executors, to quiet his title, that such judgment never was a lien upon such lot, and that the defendants obtained no title by their purchase at such sheriff's sale.

From the Howard Circuit Court.

Terrell *et al. v.* Prestel

*W. A. Peelle* and *D. W. Comstock,* for appellants.

*J. O'Brien,* for appellee.

BIDDLE, J.—Complaint by the appellee, against the appellants, to quiet the title to certain lands.

Decree affirming and quieting the title in the appellee. The pleadings need not be stated.

The cause was submitted to the court for trial, on an agreed statement of facts, the substance of which may be stated as follows :

On the 12th day of June, 1868, William C. Shortridge recovered judgment in the court of common pleas of Howard county, against Napoleon B. Brown, for three thousand four hundred and seventy dollars and fifty cents, subject to relief from appraisement laws, which is mainly due and unpaid. Shortridge assigned two thousand dollars of the judgment to W. S. T. Morton, who died in 1874; William A. Peelle, Thomas McCulloch, and Eliza M. Morton became his executors, who, on the 17th day of July, 1875, caused a writ of execution to issue on said judgment, to collect the balance then due, being two thousand three hundred and twenty-three dollars and costs, which writ came to the hands of John H. Terrell, sheriff of Howard county, for execution, on the 23d day of said month, by virtue of which the sheriff levied upon lot No. 75 in Richmond's Addition to Kokomo, as the property of said Brown, which was sold by the sheriff, on the 18th day of December, 1875, by virtue of said writ, to the said executors of said Morton's estate, in pursuance of which sale the sheriff issued his certificate of purchase to the said purchasers. On the 3d day of February, 1863, J. M. Leeds, the then owner thereof, sold and conveyed by deed lot 75, to William M. Price, which deed was duly recorded; said Price, on the 13th day of November, 1869, for a valuable consideration, sold and conveyed by deed said lot 75, to Napoleon B. Brown, who entered into possession

under the deed, which was duly recorded, but, by mutual mistake, the deed described the lot as No. 78 in Richmond's Addition, instead of lot 75, as both parties intended; that said Brown never had any other title to said lot 75, than said deed from Price; that Price, at the time, was the owner of lot 75, but never had any title to lot 78. Brown continued in possession of lot 75, and while in possession, on the — day of ——, 18—, sold and conveyed the same to Daniel Robins, under which conveyance Robins took possession of lot 75, but, by mutual mistake, the deed described the lot as 78 instead of 75 as intended by both parties. Robins continued in possession of lot 75 until the 11th day of February, 1870, at which date he sold and conveyed the same to Joseph Prestel, the plaintiff, but. by mutual mistake, the lot was described as lot 78, instead of lot 75, as was intended; that Prestel took possession under the deed. Afterwards, on the 20th of August, 1873, Prestel instituted proceedings in the Howard Circuit court to have the deeds corrected as to the mistake in describing lot 75 as lot 78, and, on the 3d day of April, 1874, obtained a decree correcting the deeds from Price to Brown, from Brown to Robins and from Robins to Prestel, which decree was executed by the deed of John W. Kern, a commissioner, who conveyed to Prestel the lot, by its proper description as lot No. 75, which deed was duly recorded; that Prestel still holds possession of lot No. 75; that on the 3d day of June, 1869, C. J. Acton and others recovered judgment against said Brown in the Howard Circuit Court, for two thousand two hundred and sixty-nine dollars and ninety-eight cents, without relief from appraisement laws; that Joseph Taylor, then sheriff of Howard county, on the 4th day of June, 1870, had in his hands as sheriff executions duly issued on said Shortridge judgment and Acton judgment—the Acton execution having been placed in the hands of the sheriff for

execution on the 7th day of January, 1870, and the Short-ridge execution came to his hands for execution on the 25th day of March, 1870; that on the 26th day of March, 1870, Brown, the judgment debtor, turned out a large amount of real estate on the Shortridge execution, consisting of town lots in Kokomo, which are described, in addition to which the sheriff levied upon lot No. 47, in Mills and Richmond's Addition, and on lot No. 78, in Richmond's Addition to Kokomo, all of which was duly appraised at the aggregate sum of four thousand eight hundred and ninety dollars, two-thirds of which is three thousand two hundred and sixty dollars, which was more than sufficient to satisfy the Shortridge execution, the amount due upon which being three thousand two hundred and thirty-two dollars and twenty-seven cents; that said sheriff levied upon certain other real estate, described, as the property of Brown, on the Acton execution; the property was then offered but not sold for want of bidders; afterwards a part of it was sold on the Acton execution. The sheriff afterwards abandoned the levy on lot No. 78, and sold a portion of the property levied on by virtue of the Shortridge execution, which reduced the balance due on the Shortridge execution to two thousand eight hundred dollars, to make which balance he levied on lot 75 in Richmond's Addition, and sold the same to said executors of Morton's estate for fourteen hundred and thirty-four dollars, as aforesaid.

The only question we can extract from these complicated details, touching the present case, is, Did the deed from William M. Price to Napoleon B. Brown, for lot 78, convey to Brown such a title to lot 75 as subjected it to the lien of the Shortridge judgment?

It must be kept in mind that the Shortridge judgment was rendered on the 12th day of June, 1868; the deed from Price to Brown was made on the 13th day of Novem-

ber, 1869 ; the date of Brown's deed to Robins is not given, but it must have been before the 11th day of May, 1870, the date on which Robins conveyed the lot to Prestel ; Prestel obtained his decree correcting the mistake in the deeds, on the 3d day of April, 1874 ; the sale of the lot to the executors of Morton's estate, by the sheriff, was made on the 18th day of December, 1875 ; so that Brown had no interest in the lot at the time it was sold, unless the Shortridge judgment was a lien upon it at the time.

By the Revised Statutes of 1824, pp. 188, 192, by the Revised Statutes of 1831, pp. 234, 274, and by the Revised Statutes of 1838, pp. 276, 316, the personal and real estate of every judgment debtor was made subject to execution generally, without particularly defining the character of the title to the real estate. By the Revised Statutes of 1843, " lands, tenements, and hereditaments, and any estate or interest therein, holden by any one in trust for, or to the use of another, on execution issued on any judgment against the person to whose use, or for whose benefit, the same are holden," were subject to execution ; and, by all of these statutes, a judgment was made a lien on the real estate of the judgment debtor generally, without defining the character of the title. In the case of *Modisett* v. *Johnson,* 2 Blackf. 431, which was decided under the Revised Statutes of 1824, it was held that a judgment was not a lien on land which the judgment debtor held by a title-bond conditioned for the execution of a deed on payment of the purchase-money, though he had taken possession of the land and had paid the purchase-money before the rendition of the judgment. The case of *Orth* v. *Jennings,* 8 Blackf. 420, which was decided under the Revised Statutes of 1843, reviewed and confirmed the case of *Modisett* v. *Johnson ;* and the case of *Doe* v. *Cutshall,* 1 Ind. 246, also decided under the Revised Statutes of 1843, fully approves both *Modisett* v. *Johnson,* and *Orth* v. *Jennings.* These

two latter cases, having been decided under statutes very similar (see 2 R. S. 1876, p. pp. 232, 233), must be regarded as authorities at the present time. *Dickerson* v. *Nelson*, 4 Ind. 160, 180, decided under the same statute, is to the same effect. The following cases, decided under our present statutes, uniformly hold that a mere equitable interest in land is not subject to execution, and, if not subject to execution, of course is not subject to the lien of the judgment. *Russell* v. *Houston*, 5 Ind. 180; *Davis* v. *Cumberland*, 6 Ind. 380; *Gentry* v. *Allison*, 20 Ind. 481; *Jeffries* v. *Sherburn*, 21 Ind. 112.

All the title Brown had to lot 75, according to the agreed statement of facts, was a deed conveying to him lot 78, by mistake, instead of lot 75. This, at most, was but an equitable title. He could not have maintained ejectment upon it for lot 75, in a common-law action. The mistake in the deeds could be corrected only in a court having chancery powers; that had been done by the appellee, before the sale of the lot at sheriff's sale to the executors of Morton's estate, and after Brown had conveyed all the interest he had in the lot to Robins. The executors of the estate of Morton took nothing by their purchase at sheriff's sale.

The court was right in affirming and quieting the title to the lot in the appellee, against the claim of the appellants.

The judgment is affirmed, at the costs of the appellants.