Filed Nov. 1, 1883.

---

No. 8984.

## CONNER ET AL. *v.* WELLS.

DEED.—*Mistake.—Description.—Reformation by Purchaser at Sheriff's Sale.—Equity in Lands.*—By reason of a misdescription of lands in a deed, a grantee did not obtain the legal title, but was put in possession. Before the mistake was discovered the lands were sold on execution against the grantee, and A. became the purchaser and took possession.

*Held,* that A. acquired no title either at law or in equity, and could not maintain a suit to reform the deed.

From the Jackson Circuit Court.

*B. H. Burrell, F. Emerson, R. Applewhite* and *J. B. Brown,* for appellants.

*W. K. Marshall, L. F. Brannaman* and *W. T. Brannaman,* for appellee.

MORRIS, C.—The appellee commenced this suit for the purpose of correcting and reforming a deed executed by the appellant Conner and his wife to the appellant Alexander M. Thompson.

The complaint states that for ten years prior to the 1st day of October, 1868, James C. Wells and the said Alexander M. Thompson had been partners in business; that, on the — day of July, 1864, as such partners, they borrowed $1,000 of one Samuel Louden, for the use of the firm, and gave to said Louden their note for the money borrowed; that they invested

the money borrowed in the purchase of 200 acres of land, lying on Salt Creek, Jackson county, Indiana; that the title to the 200 acres of land so purchased was taken in the name of the said James C. Wells, though it belonged to him and Thompson as partners; that in the year 1865 the appellant Charles W. Conner was the owner in fee of 200 acres of land, situated in said county and State, to wit: The N. W. ¼ of the N. W. qr., and the E. ½ of the N. W. qr., and the W. ½ of the N. E. qr., of sec. 5, township 5 north, of R. 4 east; that said Thompson and said Conner agreed to exchange said lands, Thompson agreeing to procure a conveyance of the 200 acres owned by him and said James C. Wells to be made to said Conner, and the said Conner agreeing to convey his 200 acres to said Thompson; that Thompson was also to assign to said Conner $500 in notes belonging to him and Wells as boot money between said tracts of land; that Thompson assigned the notes as agreed to said Conner, and procured the said James C. Wells to convey to him the land situate on Salt Creek, and put him in the possession of the same; that at the same time the said Conner and wife executed to the said Thompson a deed, which was intended to convey to him the 200 acres of land owned by said Conner and agreed by him to be conveyed to said Thompson; that said Conner put the said Thompson in possession of the 200 acres of land so intended to be conveyed, and that he remained in possession of the same until it was subsequently purchased by said Wells, at which time he surrendered the possession to the said Wells. It is stated that the said Alexander M. Thompson agreed with said Wells that for his half of said land on Salt Creek he would pay said note and the interest thereon, executed by them to said Louden for $1,000; that he failed to pay the same, and that on the — day of December, 1869, he renewed said note in the name of Thompson and Wells, but failed to pay the same; that Louden, the payee of the note, sold and assigned it to Daniel J. Harrall, who instituted suit on the same

against Wells and Thompson, and recovered a judgment thereon for $1,147.78, and $88.25 costs, on the 25th day of October, 1871, in the court of common pleas of Jackson county; that an execution was afterwards issued on said judg-ment, which was, by the sheriff of said county, on the 21st day of April, 1872, duly levied upon the 200 acres of land in-tended to be conveyed by said Conner to said Thompson, as the property of said Thompson; that said sheriff, having ad-vertised said land for sale, duly sold the same to the said James C. Wells for the sum of $1,236.03, and executed to him a proper certificate of purchase for the same; that the said James C. Wells assigned said certificate to Alexander A. Davidson, who assigned it to the appellee; that the land not having been redeemed within the time allowed by law, the sheriff, by a proper deed, conveyed the same to the appellee.

It is alleged that after the sheriff's sale the said Thompson abandoned said land to said James C. Wells, who took pos-session of the same and has since put the appellee in posses-sion. It is further alleged that the scrivener who wrote the deed made by Conner and wife to said Alexander M. Thomp-son made a mistake in copying the description of the land, de-scribing the same as the northwest quarter of the northwest quarter of section five, town five north, of range four east, and the east half of the northwest quarter of the northeast quarter of the same section, town and range, containing 200 acres, more or less; that the grantors and grantee did not dis-cover the mistake in said deed; that it was executed by and through the mutual mistake and oversight of all the parties; that they all intended to have a correct and accurate descrip-tion of all the 200 acres; and that at the time the parties be-lieved that the deed did contain a complete description of said 200 acres; that the mistake was not discovered by any one until about a year before the commencement of this suit; that since the mistake was discovered the appellants are all claim-ing to have and hold some interest in said 200 acres of land;

that in February, 1879, the appellee prepared a quitclaim deed, containing a true and correct description of the land intended to be conveyed by the Conners to Thompson, presented the same to said Conners and asked them to execute it, but that they refused so to do.

The prayer is that the deed from the Conners to the said Alexander M. Thompson be reformed and corrected so as to describe the 200 acres of land intended to be conveyed correctly, and that the plaintiff's title to said land be quieted, etc.

The appellants demurred to the complaint for want of facts. The demurrer was overruled.

The appellants answered and filed a cross complaint. The cause was put at issue and submitted to a jury for trial, who returned a verdict for the appellee, upon which, over a motion for a new trial, judgment was rendered.

The errors assigned question the rulings of the court upon the demurrers and the motion for a new trial.

Did the court err in overruling the demurrer to the complaint?

According to the averments of the complaint, Alexander M. Thompson had, at the time of the sheriff's sale, the legal title to 60 acres of the land sold, and the equitable title to the balance, being 140 acres and the land now in dispute. Did the legal or equitable title to this 140 acres pass to James C. Wells by the sheriff's sale and deed? The Conners had agreed to convey this 140 acres to Thompson, but by the mutual mistake of all the parties, it was not contained in the deed which was intended to convey it. The title to this 140 acres was not retained and held by the Conners, at the time of the sheriff's sale, pursuant to any fraudulent agreement between them and Thompson, for the complaint expressly avers that the mistake was not known to any of the parties until after the sale. The case is not, therefore, within those of *Musselman* v. *Kent*, 33 Ind. 452, *Pennington* v. *Clifton*, 11 Ind. 162, and *Tevis* v. *Doe*, 3 Ind. 129.

On the contrary, the facts alleged in the complaint bring it within the rule as held in the cases of *Terrell* v. *Prestel*, 68 Ind. 86; *Dickinson* v. *Nelson*, 4 Ind. 160; *Orth* v. *Jennings*, 8 Blackf. 420; *Modisett* v. *Johnson*, 2 Blackf. 431.

In the first of the above cases, it was held that a judgment was not a lien upon real estate purchased by the judgment debtor, but, through the mutual mistake of the parties, not described in the deed intended to convey it, for the reason that the purchaser had nothing more than an equitable interest in the land. If, as seems to be clear, at the time of the sheriff's sale, Thompson had an equitable interest only in the 140 acres in dispute, it could not, unless the title was fraudulently retained by the vendor at the instance of the vendee, be sold upon execution. This is expressly decided in the case of *Gentry* v. *Allison*, 20 Ind. 481. The court say : "The judgment upon the execution issued was no lien on the property ; the bank had not the legal title, and the result is that the sheriff's sale was inoperative and did not invest the plaintiff with any effective interest in the premises." This conclusion is based upon the case of *Modisett* v. *Johnson, supra* ; and in the case of *Jeffries* v. *Sherburn*, 21 Ind. 112, the same question is decided.

It follows that, upon the facts stated in the complaint, the appellee's grantor, James C. Wells, obtained no title by the sheriff's sale to the 140 acres of land, not contained in the Conners' deed to Thompson, and had, therefore, no right to demand a reformation of the deed from the Conners to the appellant Thompson so as to embrace the 140 acres. The demurrer to the complaint should have been sustained.

It is insisted by the appellee that the verdict and judgment upon the cross complaint should stand though the judgment on the complaint should be reversed. We do not think so. The whole case should be reversed back to the first error ; had the demurrer to the complaint been sustained, there would have been no occasion for a cross complaint.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee, with instructions to sustain the demurrer to the appellee's complaint.

Filed Nov. 1, 1883.