Paxton *v.* Sterne *et al.*

The judgment is affirmed, at appellants' costs, with ten per cent. damages.

Filed Feb. 25, 1891.

———◆———

No. 14,754.

## PAXTON *v.* STERNE ET AL.

| | |
|---|---|
| 127 | 289 |
| 127 | 271 |
| 127 | 401 |
| 127 | 289 |
| 131 | 227 |
| 131 | 554 |
| 127 | 289 |
| 134 | 248 |
| 127 | 289 |
| 146 | 51 |

TITLE.—*Sheriff's Sale.—Relation Back to Date of Judgment.*—The title of a purchaser of land at a sheriff's sale relates back to the time the judgment became a lien on the land sold, and all the right and interest possessed by the judgment debtor at the date such judgment became a lien vest in the purchaser.

SAME.—*Color of.*—A sale on a school fund mortgage, though void, gives a color of title to the purchaser.

JUDGMENT.—*Lien.—Defendant Having no Title to Land.*—If the defendant has no legal title to the land the judgment against him is not a lien thereon.

SAME.—*Extent of Lien.*—A judgment is a lien only upon the debtor's interest in the land sought to be subjected to it.

EQUAL EQUITIES.—*Priority of Time.*—If the equities of two parties are equal, the one first in point of time is the superior one.

SUBROGATION.—*Sale on Execution.*—A purchaser at a sheriff's sale acquires by subrogation the rights of the judgment plaintiff or execution creditor in the event that the sale is ineffective to convey title.

SAME.—*Prior Equity.*—In 1859 F., the owner of certain real estate, mortgaged it to the State for the benefit of the school fund. In 1871 F. mortgaged the land to S., and the mortgage was foreclosed, but no sale was made on the decree. One month after such foreclosure the auditor sold the land by virtue of the school fund mortgage, and executed a deed to the purchaser, S. One year previous to such foreclosure six judgments were rendered against S. for a total sum of $20,000; executions were issued and levied upon the land. One year after the foreclosure the land was sold to L. on one of these executions, and he assigned the certificate of sale to J., and J. took out a sheriff's deed thereon at the expiration of the year of redemption. Eight months after the foreclosure S. executed a mortgage to M., trustee, of which mortgage P. became the owner by assignment. Seven years after such foreclosure F. executed a quitclaim deed to U., who afterwards brought suit to set aside the sale under the school fund mortgage, and succeeded

Paxton *v.* Sterne *et al.*

in obtaining a decree allowing him to redeem from it. A redemption was made by him, he paying the money into court.

*Held*, that J., and not P., was entitled to the money, upon the ground that their equities being equal, the one prior in point of time was entitled to preference.

From the Gibson Circuit Court.

*T. R. Paxton*, for appellant.

*J. E. McCullough, J. H. Miller* and *C. A. Buskirk,* for appellees.

ELLIOTT, J.—On the 17th day of June, 1859, James H. Fentriss owned the real estate involved in this controversy, and on that day mortgaged it to the State of Indiana for the benefit of the school fund. On the 27th day of March, 1876, the auditor sold the land, and executed a deed to Samuel Sterne. Prior to the sale on the school fund mortgage, April 19th, 1871, James A. Fentriss mortgaged the land to Samuel Sterne, and on the 10th day of February, 1876, this mortgage was foreclosed, but no sale was made on this decree. On the 2d day of February, 1875, six judgments were rendered against Samuel Sterne, amounting in the aggregate to more than $20,000, and the executions issued on these judgments were levied on the land. On the 5th day of May, 1877, the land was sold to Peter E. LaPlant, and he assigned the certificate issued to him by the sheriff to John R. Sterne, to whom the sheriff executed a deed in due time. On the 12th day of September, 1876, Samuel Sterne executed a mortgage to Thomas Maddox, trustee, of which mortgage Paxton, the appellant, became the owner by assignment. On the 24th day of August, 1883, one of the appellees received a quitclaim deed from James H. Fentriss. Subsequently that appellee brought this suit to set aside the sale under the school fund mortgage, and he succeeded in obtaining a decree allowing him to redeem from the mortgage. Under the decree a redemption was made, and the redemptioner paid into court $1,456.85, and the appellant claims that he is entitled

to such a portion of it as equals the amount of his claim under the mortgage assigned to him by Maddox; but the court decided against him, holding that the grantee of the sheriff, under the sale made upon the judgments against Samuel Sterne, was entitled to the money.

The sheriff's grantee, John R. Sterne, acquired title, if he acquired title at all, on the day the judgments upon which the sale was made were entered, for it is well settled that the title of the purchaser of land at a sheriff's sale relates back to the time the judgment lien became effective. This doctrine of relation carries back the title so as to vest in the purchaser all the right and interest the judgment debtor possessed in the land at the time the judgment fastened upon it. *Orth* v. *Jennings,* 8 Blackf. 420; *Bellows* v. *McGinnis,* 17 Ind. 64; *Ashley* v. *Eberts,* 22 Ind. 55; *Sumner* v. *Coleman,* 23 Ind. 91; *Steeple* v. *Downing,* 60 Ind. 478; *Hollenback* v. *Blackmore,* 70 Ind. 234; *Elliott* v. *Cale,* 80 Ind. 285; *Wright* v. *Tichenor,* 104 Ind. 185.

If any right or interest vested in the purchaser at the sheriff's sale, then it must prevail over the claim of the appellant, for the judgments were prior in time to the lien of his mortgage, and it is a very ancient maxim that, " Where equities are equal, the order is time."

The contention of the appellant is that as the judgment debtor had no legal title the judgments never became liens. This is undoubtedly the general rule.    *Modisett* v. *Johnson,* 2 Blackf. 431; *Orth* v. *Jennings, supra; Gentry* v. *Allison,* 20 Ind. 481; *Terrell* v. *Prestel,* 68 Ind. 86; *Conner* v. *Wells,* 91 Ind. 197.

It is, also, the established general rule that a judgment is a lien only upon the debtor's interest in the land.    *Shirk* v. *Thomas,* 121 Ind. 147.    If this case falls within these rules it must be held that the judgment is erroneous; but it can not be assumed, as of course, that it does fall within those rules, for the case possesses features which distinguish it from the cases which those rules ordinarily govern.

It is important to note the peculiar features of this case before proceeding farther. Samuel Sterne, through whom both parties claim, had an apparent title, for the sale on the school fund mortgage gave him at least color of title, and his apparent title was a legal one, which, by lapse of time, would have ripened into a title in fee simple. *Bell* v. *Longworth*, 6 Ind. 273; *Vancleave* v. *Milliken*, 13 Ind. 105; *Brenner* v. *Quick*, 88 Ind. 546; *Sims* v. *Gay*, 109 Ind. 501; *McWhorter* v. *Heltzell*, 124 Ind. 129; *Riggs* v. *Riley*, 113 Ind. 208; *Sims* v. *City of Frankfort*, 79 Ind. 446. But Samuel Sterne had more than an apparent title under the sale upon the school fund mortgage, for he had a decree upon a mortgage executed to him by Fentriss, the original owner, to whom all the parties trace their title. It is evident, therefore, that the purchaser at the execution sale acquired some rights, since, if he acquired no greater rights, he, at least, became subrogated to the rights of the execution creditors.

That a purchaser at a sheriff's sale acquires by subrogation the rights of the judgment plaintiff in the event that the sale is ineffective to convey title is affirmed by our statute and asserted by our decisions. *Gillette* v. *Hill*, 102 Ind. 531; *Bodkin* v. *Merit*, 102 Ind. 293; *Short* v. *Sears*, 93 Ind. 505, and authorities cited. As the purchaser acquired some rights by his purchase from the sale, it remains to inquire whether they are superior to those of the appellant.

The right of the appellant, vested in him as the assignee of the Maddox mortgage, is not a right to the land, for the mortgagor, Samuel Sterne, did not become the owner of the land, inasmuch as the sale which vested an apparent title in him was adjudged ineffective. If the mortgagor did not have the legal title he could not mortgage it, and the most that can be said is that the mortgage conveyed the equitable interest of the mortgagor, so that the only interest of the appellant is an equitable one. But if the appellant has an equitable interest, so, also, has John R. Sterne. As both parties have an equitable interest, then, since that of John

R. Sterne is first in point of time, it is, under the maxim we have quoted, superior in equity.

The truth is that neither of the parties has a legal title to land, or even an equitable right to land ; both have equitable claims, but not upon the land. Both are following the proceeds of land, and both are, therefore, invoking the aid of a court of equity. Their rights are to be determined by the rules of equity, and only equity can give them relief, for it is under the rules of equity that they must follow the proceeds of the land. The land has been converted into a fund, and that fund is in the hands of a court of chancery, to be distributed as equity and good conscience require, so that the question is, not whether the one party has a strict legal right, for neither has that, but the question is, which has the superior equitable claim ? We have no doubt that the equities of John R. Sterne are paramount.

Judgment affirmed.

Filed Jan. 27, 1891; petition for a rehearing overruled March 31, 1891.