## ZIMMERMAN ET AL. v. MAKEPEACE.

[No. 18,545.    Filed February 21, 1899.]

COURTS.—*Execution.*—*Injunction.*—The court of one county may restrain the illegal sale of lands in such county under an execution issued from the court of another county. *pp. 201, 202.*

PARTIES.—*Trusts*—Where the trustee has resigned, and no successor has been appointed, the *cestui que trust* may bring suit to enjoin the illegal sale of the trust estate. *p. 202.*

INJUNCTION.—*Executions.*—Courts of equity have jurisdiction to enjoin an execution sale of real estate which might cloud and complicate the title thereof, although such sale would pass no right or title to the purchaser. *p. 202.*

EXECUTION.—*Trust Estate.*—Where lands were devised to trustees who were to keep the same rented and pay the rents and profits collected to the son of testatrix annually during his life, or if the

son should fail to provide for his family, to apply a sufficient amount thereof to its support, and pay to the son the overplus, and at his death to convey the lands to certain persons, with power to sell and convey the land at any time and account for the interest and purchase money in the same manner as the land and its rents were to be accounted for, the son has no interest in the lands subject to sale on execution for his debts, under subdivision four of section 752 R. S. 1881.  *pp. 202, 203.*

APPEAL AND ERROR.—*Injunction.*—An appeal from a term-time interlocutory restraining order cannot be taken after the close of the term.  *p. 204.*

SAME.—*Injunction.*—*Waiver.*—An alleged error in refusing to dissolve a restraining order is waived by putting the cause at issue and proceeding to trial on the merits.  *p. 204.*

From the Delaware Circuit Court.   *Affirmed.*

*H. D. Thompson,* for appellants.

*F. A. Walker* and *F. P. Foster,* for appellee.

BAKER, J.—Suit for injunction to restrain Zimmerman, as judgment creditor, and Starr, as sheriff of Delaware county, from selling land on execution against Makepeace, issued from the Madison Circuit Court.

Complaint exhibits these facts in substance: Appellee's mother, Nancy Makepeace, devised the undivided half of her lands to Alvira J. Corwin and John E. Corwin in fee simple, in trust for the following uses: that the land be kept rented by the trustees and the annual rents and profits collected and, after paying taxes and other necessary expenses, paid to and for Allen Q. Makepeace, annually and as soon as received by the trustees, during his life; and immediately after his death, the trustees or their successor shall convey to his legitimate children, if any survive him, in equal proportions in fee simple the land held in trust; and if no lawful issue survive him, to Alvira J. Corwin in fee simple; or if the trustees shall find in their judgment it would be better to convert the land into personalty, they are empowered to do so at any kind of sale, at their discretion, and to convey it in fee simple free of encumbrance, and to put the proceeds at interest and account

for the interest and purchase money in the same manner the
land and its rents are specified to go; the annual payments
directed to be made to and for Allen Q. Makepeace are in-
tended to provide for his necessary support and that of his
family, and should he be of dissolute and intemperate habits,
or from other causes fail to provide for his family, the trus-
tees shall apply to the support of his family a sufficient
amount out of the sums to be paid him to provide for the
necessary support of his family, and pay him only the over-
plus.   The Corwins acted as trustees till June 11, 1891, when
the Madison Circuit Court appointed Dusang as their suc-
cessor.   Dusang resigned his trusteeship on June 25, 1895,
and a successor has not been appointed.   While Dusang was
trustee, the trust estate was set off in severalty.   Zimmerman
recovered a money judgment against Makepeace in the Mad-
ison Circuit Court and caused execution to issue to the sheriff
of Delaware county.   Under direction of Zimmerman the
sheriff levied on land set off to the trustee in the partition
proceedings, has advertised it for sale, and will proceed unless
restrained.

The joint demurrer of appellants and the separate demur-
rer of Zimmerman, for want of facts, were overruled.   Ap-
pellants joined in a general denial.   Zimmerman answered
separately in two paragraphs, the first purporting to be an
affirmative answer, the second a general denial.   Demurrer
to first paragraph of Zimmerman's separate answer sustained.
Temporary injunction pending trial was made permanent on
final decree.   Appellants' joint and Zimmerman's separate
motions for new trial were overruled.

The first assignment challenges the jurisdiction of the Del-
aware Circuit Court.   The argument is that the Delaware
Circuit Court was asked to nullify the final process and
thereby impugn the judgment of the Madison Circuit Court.
If this be true, the decree is erroneous.   *Plunkett* v. *Black*,
117 Ind. 14.   But the judgment of the Madison court was
not attacked; nor was its final process sought to be canceled.

The only relief invoked was the granting of an injunction to restrain an illegal exercise of power under an unquestioned execution. In affording this remedy a court of equity necessarily has power to proceed against the holders of a writ of another court. Injunctions operate *in personam.* The Delaware Circuit Court as a court of equity had jurisdiction of the subject matter and was the proper court to restrain persons in Delaware county from beclouding titles in Delaware county.

The second assignment involves the sufficiency of the complaint.

The first point concerns appellee's right to sue. If there was a trustee, he should have been plaintiff. If a trustee neglects or refuses to act, the *cestui que trust* may protect the estate. Beach on Trusts and Trustees, section 698. In this case, the trustee had resigned and the court had not appointed a successor. Appellee as a *cestui que trust* was entitled to bring this suit.

The second point questions the right to enjoin an execution sale under which no title nor right would pass to the purchaser. The contention is that the landowner has a complete remedy at law. The jurisdiction of equity to enjoin a sale that would be fruitless to the judgment creditor and might cloud and complicate the title, is thoroughly established. Freeman on Ex., section 438; Herman on Ex., 614; Beach on Inj., section 710; High on Inj., section 372; *Davis v. Clark*, 26 Ind. 424, 89 Am. Dec. 471; *Bank v. Deilch*, 83 Ind. 133; *Bishop v. Moorman*, 98 Ind. 1, 49 Am. R. 731; *Scobey v. Walker*, 114 Ind. 254.

The third point goes to the interest of appellee in the land. Appellee sued as representative of the trust. The case stands as if the trustee were plaintiff. Section 752 R. S. 1881, section 764 Burns 1894, section 752 Horner 1897, provides: "The following real estate shall be liable to all judgments and attachments and to be sold on execution against

Zimmerman v. Makepeace.

the debtor owning the same or for whose use the same is holden, viz:   *   *   *   Fourth. Lands, or any estate or interest therein, holden by any one in trust for or to the use of another."

If Makepeace in his individual right has no estate nor interest in the land held in trust, it becomes unnecessary to determine what equitable estates or interests in land may be sold on execution, or to attempt to reconcile the decisions in *Terrell* v. *Prestel*, 68 Ind. 86, and *Maxwell* v. *Vaught*, 96 Ind. 136.   Under the will of Nancy Makepeace, the trustees are empowered, at any time during the life of appellee, at their discretion, to sell the land and give the purchaser the full title the testatrix had.   If they should do so, the proceeds of sale must be held by them to the same uses for which they held the land; if they should not, they must convey the full title to the children of appellee at his death.   It is manifest that a deed by appellee of any estate or interest in the land could not prevent the trustees from conveying the full title. If the trustees conveyed, appellee's deed could give the grantee at most only an equitable claim upon the trustees to account to him for the use of the purchase money agreeably to the terms of the trust.   If the trustees should not sell, appellee's deed would not give the grantee the right to dispossess the trustees or to interfere with their control of the land in any way; the grantee at most could only call on the trustees, after they had received the annual rents and profits, to pay him the uncertain amount, if any, that might be left after they had paid the taxes and necessary expenses and devoted what was necessary in their judgment for the support of appellee's family; that is, the deed could amount to nothing beyond an equitable assignment of an equitable chose in action.   Appellee has no estate or interest in the trust lands. *McIlvaine* v. *Smith*, 42 Mo. 45, 97 Am. Dec. 295, and note on pages 304-7; Freeman on Ex., sections 187-8.

Whether appellee has an estate or interest in the body of the trust that is alienable in anticipation of the yearly pay-

ments, does not arise properly in this record. *Thompson* v. *Murphy,* 10 Ind. App. 464; Beach on Trusts and Trustees, section 567.

The third assignment is based on the refusal to dissolve the restraining order. This was a term-time interlocutory order. No appeal from it could be taken after the term. Sections 646-7 R. S. 1881, sections 658-9 Burns 1894, sections 646-7 Horner 1897. The alleged error was waived by appellants in putting the cause at issue and proceeding to trial on the merits. *Becknell* v. *Becknell,* 110 Ind. 42.

The fourth assignment presents the motion for a new trial. Three reasons are given. The first, that the Delaware Circuit Court had no jurisdiction, has been considered. The second is that the finding is not supported by sufficient evidence. Appellee's evidence amply covered every material point; appellants introduced none. The last ground is that the finding is contrary to law. Under the evidence, the law could permit no other finding.

Zimmerman assigns separately that it was erroneous to sustain a demurrer to the first paragraph of his separate answer. This paragraph stated substantially the same facts set forth in the complaint, and thereupon affirmed that Makepeace owned the land in fee simple and that the sale ought to proceed. Clearly bad.

Decree affirmed.