## GUSHWA ET AL. *v.* GUSHWA.

[No 14,133.   Filed August 13, 1931.]

*Richard W. Sharpless* and *Howard W. Mountz,* for appellants.

*Atkinson & Husselman,* for appellee.

NEAL, C. J.—Alvin W. Gushwa, one of the appellants, and Cora B. Gushwa, appellee, were husband and wife in the early part of the year 1928. Alvin W. Gushwa was, at the time above mentioned, the owner in his own name of approximately 85 acres of land in DeKalb County. On September 10, 1928, he conveyed the 85 acres to his daughter, appellant Mildred Wise, by warranty deed. The consideration for the execution of the conveyance, as recited in the deed was as follows: "That

the said grantee shall provide for the grantor a home in the residence on said described premises during his lifetime and shall from the proceeds of said farm, support and maintain him in a comfortable manner, suitable to his station in life and that she will care for and maintain the improvements on said premises and pay all taxes and assessments against the same and will assume and pay all mortgage liens against the said described real estate, subject to the further condition that if the grantor survives the grantee that, upon the death of the said grantee prior to the death of the grantor, the title to the said real estate shall revert to him in the same manner and to same extent as if this conveyance had not been made, but upon the death of the grantor during the lifetime of the grantee, this conveyance shall be and become absolute, if she has performed the conditions named." On April 5, 1929, appellee was granted a divorce from appellant Alvin W. Gushwa, and was given a judgment for alimony in the sum of $2,680, together with attorney fees and costs.

On June 28, 1929, appellant Alvin W. Gushwa quitclaimed and conveyed to appellant Mildred Pearl Wise the 85 acres, heretofore mentioned in the deed between the same parties, of date of September 10, 1928. There was no money consideration for the last conveyance.

Appellee commenced this action in the lower court by filing her complaint to set aside the quitclaim deed of appellant Alvin W. Gushwa to appellant Mildred Pearl Wise, defendant, alleging, in part, that, at the time, defendant (appellant) Alvin W. Gushwa "had not, has not now, and never since has had sufficient other property subject to execution to pay the judgment of the plaintiff." That, at the time defendant, Mildred Pearl Wise, accepted the quitclaim deed from defendant Alvin W. Gushwa, she well knew that Alvin W. Gushwa owed such debt and well knew that he had no other property

with which to pay the judgment for alimony, and, for the purpose of assisting Alvin W. Gushwa to defraud her (plaintiff), and without paying any consideration therefor, she accepted the conveyance.

Appellants, defendants below, answered in three paragraphs: (1) General denial; (2, 3) that all the property rights of the parties had been adjudicated in the trial and judgment of the case in which appellee obtained a divorce from appellant Alvin W. Gushwa. A reply of general denial to the second and third paragraphs of answer closed the issues.

The court found for the plaintiff, and rendered judgment that the deed from the defendant, Alvin Gushwa to the defendant Mildred Pearl Wise, executed on June 28, 1929, was executed with the fraudulent intent to cheat, hinder and delay the plaintiff in recovering on her judgment against the defendant Alvin Gushwa; that the deed is fraudulent and void as to plaintiff and the deed should be set aside; that the real estate was subject to sale for the satisfaction of plaintiff's judgment.

Appellants filed separate motions for a new trial. The causes: (1) The decision is not sustained by sufficient evidence; (2) the decision is contrary to law. The error assigned is the overruling of the motion for a new trial.

The evidence established these facts as to the two conveyances: That the consideration was, as recited in the warranty deed of date of September 10, 1928, which deed was executed prior to the separation of Gushwa and wife; that there was no consideration for the quitclaim deed, dated June 28, 1929; that appellee was granted an absolute divorce, April 5, 1929, and judgment for alimony in the sum of $2,680; that the same was unpaid; that, at the time appellant Alvin Gushwa made the quitclaim deed of date of June 28, 1929, he had no other real estate, and the value of his personal property would not exceed $50.

Appellant's first proposition: In a suit to set aside a fraudulent conveyance, it must not only be shown that the want of sufficient property, subject to execution out of which the plaintiff's claim could be satisfied, existed at the time of conveyance of the property in question, but there must also be evidence that it continued to exist at the commencement of the action. In support of the above statement, appellant calls our attention to the following cases: *Bishop* v. *State, ex rel.* (1882), 83 Ind. 67; *Petree* v. *Brotherton* (1892), 133 Ind. 692, 32 N. E. 300; *Nevers* v. *Hack* (1894), 138 Ind. 260, 37 N. E. 791, 46 Am. St. 380. We agree that the above cited cases fully support appellant's proposition of law.

In the application of the above principle of law to the evidence, we find that we have no direct evidence that Alvin Gushwa's insolvency existed at the time of the commencement of this action, November 4, 1929. Appellant Gushwa admitted, however, that, at the time the second conveyance was made, he had no other property, subject to execution, out of which appellee's judgment could have been satisfied save and except the alleged interest of Gushwa in the real estate described in the quitclaim deed. In *Adams, Assignee,* v. *Slate* (1882), 87 Ind. 573, appellant sought judgment upon several promissory notes executed by the appellee Benjamin L. Slate, and also a decree adjudging a conveyance of real estate to Parmelia A. Slate, wife of Benjamin, to be fraudulent and void as against the creditors of the latter. The conveyance was made November, 1876, and suit commenced December, 1877. The precise question presented to the court was whether a jury might not infer from the confessed fact that Benjamin L. Slate had no property except that conveyed to his wife in November, 1876, that he had no other property in December, 1877, when this action was in-

stituted. Elliot, Judge, wrote as follows: "It is a fundamental doctrine that, when a fact is once shown to exist, the presumption is that it continues to exist, and this presumption stands good until the contrary is shown or a countervailing presumption is raised. . . . There is no reason why this familiar doctrine should not be applied to cases where the solvency or insolvency of a debtor is the point in issue." See 27 C. J. §724, p. 796. Appellants cannot prevail on their first proposition.

Appellants' second proposition: The quitclaim deed which the plaintiff charged and the court found to have been executed as a fraud upon the appellee was nothing more than a release of a very indefinite and uncertain equitable interest. The interest was not at the time subject to an execution; therefore, the execution of the deed could not be a fraud upon creditors.

We will proceed with an examination of the several provisions of the warranty deed of September 10, 1928. We observe that it is recited in the deed: "that if the grantor [appellant Alvin Gushwa] survives the grantee that upon the death of the said grantee prior to the death of the grantor, the title to the said real estate shall revert to him in the same manner and to the same extent as if this conveyance had not been made, but, upon the death of the grantor during the lifetime of the grantee, this conveyance shall be and became absolute if she has performed the conditions herein named." In 23 R. C. L. p. 1103, paragraph 6, we find the following language: "It is, of course, well settled that a conveyance or devise of a fee on a condition subsequent creates a possibility of reverter in the grantor or the heirs of the devisor. Until the breach of the condition and a reverting of the estate through re-entry, the whole title is in the grantee. While there is a possibility of reverter in the grantor, there is no

reversion. This possibility is neither a present nor a future right, but a mere possibility that a right may arise on the happening of a contingency, and, being a mere possibility, is not an estate." The clause in the deed under consideration may well be termed a "Possibility of Reverter." In the warranty deed of appellant Gushwa to appellant Mildred Pearl Wise under date of September 10, 1928, which is in no wise attacked in this case, the fee to the 85 acres was conveyed subject to be revested in the grantor by a condition subsequent. No estate, however, as far as the above mentioned clause is concerned, remained in the grantor, appellant Gushwa, subject to execution. *Brill* v. *Lynn* (1925), 207 Ky. 757, 270 S. W. 20, 38 A. L. R. 1109; *Ralston* v. *Hatfield, Trustee* (1924), 81 Ind. App. 641, 143 N. E. 887.

The clause in the deed that she (appellant Mildred Pearl Wise and grantee) "will care for and maintain the improvements on said premises and pay all taxes and assessments against the same and will assume and pay all mortgage liens against the said described real estate" set out valid contractual obligations and constituted a valid consideration for the execution of the deed.

The clause "the consideration of this conveyance is that the grantee shall provide for the grantor a home in the residence on said described premises during his lifetime and shall from the proceeds of said farm support and maintain him in a comfortable manner," may be designated as "conditions subsequent." In *Brady* v. *Gregory* (1912), 49 Ind. App. 355, 97 N. E. 452, the court at p. 366, said: "On account of these and other special circumstances which usually accompany conveyances of this character, deeds made in consideration of future support to be furnished by the grantee, have generally been held to create es-

tates upon conditions subsequent," citing, in support thereof, *Richter* v. *Richter* (1887), 111 Ind. 456, 12 N. E. 698; *Copeland* v. *Copeland* (1883), 89 Ind. 29; *Lindsey* v. *Lindsey* (1874), 45 Ind. 552. "Cases of the character just cited must be considered as constituting a class of their own to which the strict rules of construction against conditions subsequent are not applied." All authorities, however, recognize that the failure to perform the conditions does not *ipso facto* revest title in the grantor; the failure to perform renders the estate susceptible to determination at the grantor's election as indicated by some act equivalent to a re-entry at common law. *Huffman* v. *Rickets* (1916), 60 Ind. App. 526, 111 N. E. 322.

In the instant case, there is no evidence that the grantee has defaulted in the performance of any of the conditions incumbent upon her to perform; the conditions subsequent were personal to appellant Gushwa; appellee, a judgment creditor, could not complain if appellant Gushwa saw fit to waive them.

The interest of appellant Gushwa, if it be denominated an "equitable interest" in the real estate, was so undetermined, uncertain and contingent that it would be incapable of being appraised or sold with fairness to both the debtor and creditor, and, therefore, could not be levied upon. *Humphrey* v. *Gerard* (1910), 83 Conn. 346, 77 Atl. 65; 2 Freeman, Executions (3rd ed.) §172a. See: *Modisett* v. *Johnson* (1831), 2 Blackf. (Ind.) 431; *Orth* v. *Jennings* (1847), 8 Blackf. (Ind.) 420; *Doe* v. *Cutshall* (1848), 1 Ind. 246; *Hutchins* v. *Hanna* (1856), 8 Ind. 533; *Gentry* v. *Allison* (1863), 20 Ind. 481; *Jeffries* v. *Sherburn* (1863), 21 Ind. 112; *Terrell* v. *Prestell* (1879), 68 Ind. 86; *Conner* v. *Wells* (1883), 91 Ind. 197; *Zimmerman* v. *Makepeace* (1899), 152 Ind. 199, 52 N. E. 992.

In cases of this character, proof of a fraudulent pur-

pose must be proved; also the evidence must disclose that, by reason of the sale, plaintiff was actually defrauded. The appellee did not prove, and, of course, could not prove, the value, if there was any, of the interest of appellant Gushwa in the real estate. *Sell* v. *Bailey* (1889), 119 Ind. 51, 21 N. E. 388; *Jackson* v. *Sayler* (1902), 30 Ind. App. 71, 63 N. E. 881; *Dinius* v. *Lahr* (1905), 36 Ind. App. 425, 74 N. E. 1033.

It follows that the judgment must be reversed, and appellant's motion for a new trial sustained.