Ricketts, &c., v. Louisville, &c., Railway Company.

---

CASE 39—PETITION ORDINARY—FEBRUARY 7.

# Ricketts, &c., v. Louisville, &c., Railway Company.

### APPEAL FROM MEADE CIRCUIT COURT.

1. A DEED MAY BE REVOKED by virtue of a power expressly reserved therein, the deed itself being notice to purchasers and creditors of the reserved power.

2. ILLEGAL CONDITIONS—EFFECT OF ACKNOWLEDGMENT AND RECORD OF WRITING WHICH IS NOT RECORDABLE.—The mere fact that the deed containing the power of revocation provides that the revocation

Ricketts, &c., v. Louisville, &c., Railway Company.

shall be signed and acknowledged as deeds of land are required to be signed and acknowledged, and shall be lodged for record in the county clerk's office, is not sufficient to render the power of revocation void. This provision can not be regarded as a condition which is impossible of performance by reason of illegality. Even if the clerk had no authority to take an acknowledgment to, or to record, such a revocation, yet, having done so, his act can not be regarded as illegal, and should operate to carry out the intention of the parties.

3. ACKNOWLEDGMENT AND RECORD OF REVOCATION OF DEED.—As the deed referred to a revocation which might thereafter be acknowledged and recorded in like manner as the deed itself, the revocation should be treated as part and parcel of the deed, and, therefore, the power existed in the clerk to take the acknowledgment and record the revocation.

4. CONDITION SUBSEQUENT.—If the condition annexed to a conveyance be subsequent, the estate passes, although the condition is never performed, or, by reason of illegality, is incapable of performance.

KENDALL & MOREMAN, J. W. LEWIS FOR APPELLANTS.

1. By the deed alone is the court enabled to know the intention of the contracting parties. (Brown v. Parish, 2 Dana, 9.)

2. As the parties understood the contract. and its conditions are not unlawful, the court will enforce it, although it may seem absurd. (Huff v. Thomas, 1 Mon , 160; Hatcher v. Andrews, 5 Bush, 566; Parrish v. Vaughan, 12 Bush, 99; Spurrier's Heirs v. Parker, &c., 16 B. M., 275.)

3. It is the rule at common law, that if the conditions are subsequent, and be not performed, the grantor, after having quit the possession, must assert in some way his right of entry before the title can be turned back to him; but as the appellant in the case at bar always retained the possession, she asserted her reserved right in the only manner in which she could avail herself of it. (4 Kent, 159; 1 Shep. Touch., 153; 2 Blackstone, p. 155.)

4. To gather the intention of the contracting parties, the whole of the contract must be considered. (Hildreth v. Forrest, 4 J. J. M., 219; Hunter v. Miller, 6 B. M., 619; Thompson v. Robertson, 9 B. M., 384; McMillan v. M. & L. R. Co., 15 B. M., 234; Shultz v. Johnson, 5 B. M., 499; Merriwether v. Lewis, 9 B. M., 168; Montgomery v. Fireman's Ins. Co., 16 B. M., 439; White v. Barker, 4 Met., 268.)

5. The deed of revocation reinvested appellant with title, and although the law does not authorize the acknowledgment and recording of such an instrument, the parties had the right to provide for it.

HELM & BRUCE FOR APPELLEE.

1. Where a fee-simple title to land is conveyed upon condition subsequent-which condition turns out to be unlawful or impossible of perform,

ance, the condition is void, and the title to the fee is, therefore, absolute and unconditional. (2d Blackstone, 156; 10th B. M., 597.)

2. Land having been conveyed in fee, with the power in the grantor thereafter to revoke the same by a "deed or other instrument under seal, signed and acknowledged as deeds of land are required by the statute of Kentucky to be signed and acknowledged," which revocation was required to be lodged for record in the county clerk's office in the county where the land lay, such power is impossible of execution, because the county clerk has no power, except such as is given him by statute; and the statutes do not authorize him to take an acknowledgment of a mere revocation or declaration of will—this not being a deed—nor does it authorize him to receive such an instrument for record. Therefore, the power attempted to be reserved in the deed in question was impossible of execution, and, therefore, void.

3. The fact that an officer may go beyond his official powers, and do an act in excess thereof, does not give any validity or efficacy to the act when done.

4. A deed in fee-simple containing a general power of revocation for the benefit of the grantor is contrary to public policy, as it enables the grantee to fully enjoy the property without the possibility of his creditors reaching him, as the grantor can revoke whenever the creditors seek to subject the property.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

December 15, 1884, the appellant, Agnes Ricketts, executed to her son, James Ricketts, a deed to a tract of land, which contained this provision:

"I hereby reserve to myself the power to revoke and annul this conveyance at any time during my natural life by a deed or other instrument under seal, signed and acknowledged by me as deeds of land are required by the statutes of Kentucky to be signed and acknowledged, which said revocation, to be valid and effectual, must be lodged for record in the said county clerk's office of Meade county in my life-time. In the event of my exercising the said power of revocation herein reserved, the property and title to said land to reinvest in me as it exists at the time of the

execution of this deed, any attempted deed, aliena-
tion or incumbrance thereon by the grantee herein to
the contrary notwithstanding.''

The grantee accepted the deed on the day of its ac-
knowledgment by a written acceptance indorsed upon
it.  March 24, 1887, James Ricketts, for a nominal
money consideration, and in view of expected bene-
fits to arise from the building of the railroad, granted,
by a proper deed to the appellee, a sixty-foot right
of way through the land, and it thereupon proceeded
to and did construct its road through it.  If this grant
was not subject to a power of revocation by Agnes
Ricketts by virtue of the deed from her to her son,
then the right of the road by virtue of the deed from
the son is unquestioned.  August 6, 1889, she executed,
in conformity to the provision in the deed from her to
her son, what is termed in this record ''a deed of revo-
cation.''  It was acknowledged by her before the county
clerk of Meade county, and by him recorded.  She then
brought this action against the appellee for damages,
claiming that it had unlawfully entered upon the land
and constructed its road.  The action was dismissed
upon a demurrer to the first paragraph of the reply,
which asserts the validity of the revocation, and this
is the only question presented by this appeal.

It is insisted for the appellee that the deed to James
Ricketts invested him with the fee, and that the revo-
cation clause was an attempt to impose a condition
subsequent, which is void, first, because it is contrary
to public policy, and second, because it is impossible
of execution.  The ground upon which it is assailed
as being against public policy is, that it will enable

the parties to the deed to defeat the rights of the grantee's creditors. In other words, that after becoming indebted, the grantor will exercise the power of revocation, and thereby divest the grantee of property which would otherwise go in satisfaction of the claims of his creditors. This ground can not be maintained. The deed is notice to the creditors of the reserved power. If they trust the grantee upon the credit of the estate thus granted, they do so knowing the risk, because the deed gives them notice of it. Such a condition has always been known to the law of conveyancing. Coke says that grants may be revoked by virtue of a power expressly reserved in the deed. (Butler's Case, 3 Coke, 25.) The condition was not, therefore, unlawful upon this ground, and the second one remains to be considered, and which is the one mainly urged. If the condition annexed to a conveyance be *subsequent*, the estate passes, although the condition is never performed, or by reason of illegality is incapable of performance. (Myers v. Daviess, 10 B. M., 397.)

Blackstone, in speaking of such conditions, says: "If they be impossible at the time of their creation, or afterward become impossible by the act of God, or the act of the feoffor himself, or if they be *contrary to law* or *repugnant* to the nature of the estate, are void; in any of which cases, if they be conditions subsequent, that is, to be performed after the estate is vested, the estate shall become absolute in the tenant. As if a feoffment be made to a man in fee-simple, on condition that unless he goes to Rome in twenty-four hours; or unless he marries with Jane S. by such a

day (within which time the woman dies, or the feoffor marries her himself); or unless he kills another; or in case he aliens in fee; that then, and in any of such cases, the estate shall be vacated and determine; here the condition is void, and the estate made absolute in the feoffee. For he hath by the grant the estate vested in him, which shall not be defeated afterwards by a condition either impossible, illegal or repugnant." (2 Bl. Comm., 156.)

It is asserted that applying this rule to the conveyance from the appellant to her son, the fee vested in him, and that the condition in the form of a revocation as therein provided was impossible of execution. This is claimed upon the ground that the deed provided that the revocation should be by an instrument to be acknowledged by the grantor before the county clerk, and recorded by him as in case of a deed to land, and that our statute does not authorize the acknowledgment and recording of such an instrument. It is true the county clerk has no power in the matter except as given by our statute, and it does not expressly authorize him to take the acknowledgment, and record an instrument like that in question. Where, however, a grantor has reserved a power of revocation, and which, in the absence of a particular provision as to the manner of its enforcement, could, under the old rule, have been carried out by re-entry merely, or now by proper notice to the grantee, it seems to us that it would be a sacrifice of substance to form to hold that the right was lost because the grantor, in providing as to the mode in which it should be done, has provided something as to the mere form of the revocation

which the law does not recognize.    This should not
deprive him of the right to which both he and the
grantee have assented.   If so, it would defeat the in-
tention of the parties to the conveyance.   Even if the
act of the county clerk had no legal efficacy, yet it hav-
ing been done, and as provided in the deed, which re-
served the power, it should operate to carry out the
intention of the parties, and of which every one had
notice by the recording of the deed.   It should not be
regarded as illegal, and, therefore, rendering void the
power of revocation.   The provision that the revocation
was to be acknowledged and recorded should not so far
be regarded as of the essence or substance of the right
as to defeat it, even if the statute does not authorize
the acknowledgment and recording of such an in-
strument.   The deed, however, referred to a revocation
which might thereafter be acknowledged and recorded
in like manner as the deed itself, and the revocation
should be regarded and treated as part and parcel of
the deed.   In this view we think the power existed in
the clerk to take the acknowledgment and record the
revocation.

The demurrer to the first paragraph of the reply
should have been overruled, and the judgment is
reversed, with directions to do so, and for further
proper proceedings.