J. W. OGLESBY, THE WEST COAST LUMBER COMPANY
AND THE INTERSTATE LUMBER COMPANY, *Appellants,*
v. MARY E. LEE, *Appellee.*

Opinion Filed January 18, 1917.

Where in a deed of conveyance of land by a father to his daughter
    to take effect at the death of the father, "the consideration
    thereof being a gift," the donor expressly reserves in the deed
    the right "to resell said lands to other parties," a subsequent
    conveyance to another person by the father in pursuance of
    the express reservation is authorized, and the daughter has
    no title to be clouded by the authorized subsequent conveyance
    to another.

Appeal from Circuit Court for Taylor County; M.
F. Horne, Judge.

Decree reversed.

*Davis & Diamond,* for Appellants;

*W. T. Hendry,* for Appellee.

WHITFIELD, J.—The bill of complaint herein brought
by Mary E. Lee alleges in effect that she is the owner of
in fee simple described lands in Taylor County, Florida;
that said land is wild, unimproved and unoccupied except
such occupancy as that of cutting timber therefrom; that
complainant claims title under an instrument executed
September 10, 1897, by David F. Gamble and wife to
complainant who was their daughter, then Mary E.
Gamble; that said instrument contained the following:
    "It is understood that the said parties of the first
part shall use and have full possession control of said
premises, without charge during their natural lives, and

should it appear to the satisfaction of the said David F. Gamble, during his life that to resell said lands to other parties would be the best interest of the said party of the second part and to place in lieu thereof the proceeds of said second sale, or its equivalent in value, he hereby reserves the right to do so, the consideration hereof being a gift; otherwise this deed to be in fee simple, and of full force and warranty;" that on December 23, 1899, David F. Gamble and wife executed a deed of conveyance of the land to J. W. Oglesby; that Oglesby conveyed to the West Coast Lumber Company, which company conveyed to the Interstate Lumber Company certain timber rights in the land; that said conveyances are invalid and constitute a cloud on complainant's title. The prayer is for a decree declaring the conveyances to be void, etc.

The answers aver that David F. Gamble on September 10, 1897, had three living children, viz; James E. Gamble, William E. Gamble and Mary E. Gamble and one grand daughter Sarah E. Humphrey, who was a daughter of a deceased daughter of said David F. Gamble; that on September 10, 1897, the said David F. Gamble being in feeble health and desirous of making a disposition of his property to prevent litigation after his death and to vest the property in his children and his grand child at his death; that pursuant to his desire David F. Gamble executed a deed to each of his then children and grand child to a portion of his lands, the complainant Mary E. Gamble now Mary E. Lee receiving a conveyance to the land in controversy with the provision therein that "It is understood that the said parties of the first part shall use and have full possession and control of said premises without change during their natural lives, and shall it appear to the satisfaction of the said David F. Gamble, during his life that to resell said lands to other parties,

would be the best interest of the said party of the second part and to place in lieu thereof the proceeds of said second sale, or its equivalent in value, he hereby reserves the right to do so; the consideration thereof being a gift; otherwise this deed to be in fee simple and of full force and warranty;" that such conveyance was in effect a will and if held to be a deed "it is a deed with such a reservation, condition or conditional limitation as defeated the estate granted upon the resale of the property by the said David F. Gamble; that on December 23, 1899, David F. Gamble executed a warranty deed to the property to J. W. Oglesby, Attorney; that such deed divested Mary E. Gamble of any and all interest, estate, right, title or claim under the instrument of September 10, 1897, under which she now claims; that David F. Gamble was appointed guardian of Mary E. Gamble, then a minor, "to protect and preserve the consideration received from J. W. Oglesby for the land." Other averments need not be stated. Testimony was taken and the chancellor decreed for the complainant. The defendants appealed.

The conveyance to Mary E. Gamble was a gift from the father to the daughter and the reservation therein that is quoted above clearly contemplated and reserved to the grantor the right to sell the land. As the father conveyed the land as contemplated and provided for in the deed of gift to the daughter she has no title to be clouded by the conveyances complained of. See Ricketts v. Louisville, St. L. & T. R. Co., 91 Ky. 221, 15 S. W. Rep. 182, 11 L. R. A. 422.

The decree is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.