## Continental National Bank of Louisville, Kentucky v. McCampbell, et al.

(Decided May 20, 1919.)

### Appeal from Mercer Circuit Court.

1. Pleading—Bill of Discovery—Sufficiency.—A petition which states facts sufficient to constitute a bill in discovery and contains a prayer in accordance therewith, is good on general demurrer even though the petition attempts to state by insufficient averment another cause against the defendant.

2. Powers—How Exercised.—The well-settled rule is that a power can not be exercised except in the way and manner appointed by the instrument creating it.

3. Powers—Mortgage Liens.—Where one conveys land to his wife for life, with remainder to his children, reserving in himself the power at any time to appoint the whole, or any part, of the lands to a different use or uses by deed or will, the execution of the mortgage by the grantor covering the land does not amount to the exercise of the power, except pro tanto, and so much of the land as is not required to satisfy the mortgage lien remains the property of the children.

E. H. GAITHER and GORDON & LAURENT for appellant.

C. E. RANKIN and ROBERT N. MILLER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

In December, 1886, Amos G. McCampbell, in consideration of love and affection, conveyed a tract of 530 acres of land in Mercer county, Kentucky, to his wife, Sallie B. McCampbell, for life, and to his children in remainder, subject to certain uses, trusts and limitations reserved and set forth in the deed. All the land, except 190 acres, was sold in 1895 to satisfy a judgment obtained by ex-Governor Simon B. Buckner. In 1889 McCampbell purchased two small tracts containing together about six acres from the community of Shakers, and this last tract adjoined the 190 acres which he formerly owned. In 1901 Sallie B. McCampbell, life tenant and donee of the power set forth in the aforesaid deed, died. From the making of the deed in 1886 up to the bringing of this action McCampbell lived upon, occupied, controlled and received and appropriated all rents and profits arising from the lands which he deeded to his wife for life, with remainder to his children. Becoming indebted to appellant bank in 1909, it obtained a judgment against him in 1915 for the sum of $2,943.26, with interest and cost. Execution was issued upon this judgment in December, 1916, and made returnable in January, 1917, and was on December 21, 1916, returned "no property found." In 1915 McCampbell and his second wife, whom he had married in the meantime, made, executed and delivered to the Fidelity & Columbia Trust Company, of Louisville, a mortgage on the 190 acres remaining of the 530 acres, which he had conveyed to his first wife for life, with remainder

to his children, and the six acre tract obtained from the community of Shakers, for $8,000.00 in money contemporaneously obtained and which was evidenced by several notes. Thereafter and on December 30, 1916, this action was instituted in the Mercer circuit court by the Continental National Bank against McCampbell and wife, his children, the remaindermen, and the Fidelity & Columbia Trust Company, to subject the lands mentioned to the payment of the judgment obtained by appellant in 1915, for $2,943.26, after the satisfaction of the mortgage to the Fidelity & Columbia Trust Company, and as an incident to this action prayed a general order of attachment against the property of McCampbell, and certain personal property was levied upon and a local bank summoned as garnishee. The prayer of the petition asked that McCampbell be "required to answer and discover any money, choses in action, legal or equitable interest, or other property owned by or in which he has any interest, and so much of any property discovered by defendant as may be necessary, be subjected to the payment of plaintiff's judgment and the cost of this action. It prays that the said land, in excess of any homestead that may be held or claimed by the said McCampbell, be placed in the hands of a receiver, and that the rents, issues and profits thereof be applied to plaintiff's demand."

To this petition the children of McCampbell and McCampbell separately interposed a general demurrer, which the trial court sustained and appellant declining to further plead, the petition was dismissed and from the judgment dismissing the action this appeal is prosecuted by the bank.

The deed made by McCampbell to his wife, Sallie B. McCampbell, for life, with remainder to their children, and bearing date December 24, 1886, omitting the caption, parties and description of the land, is as follows:

"WITNESSETH, That the said Amos G., in consideration of love and affection which he bears to the said Sallie B. and their children, hereby grants and conveys to the said Sallie B., subject to the uses, trust, limitations and reservations and with the powers hereinafter recited and set forth, the following real estate described to-wit:

"A certain tract of land containing 530 acres and 28 square poles, lying and being in the county of Mercer,

in the state of Kentucky, and being the same tract of land that was conveyed to the said Amos G. McCampbell by the community of Shakers, their trustees and agents, by two deeds, dated respectively the ............ day of November, 1886, and the 22nd day of December, 1886, &c.  .  .

"To have and to hold to the said Sallie B. for and during her natural life as her sole and separate estate, free from the uses, control and benefit of her said husband and all others, with remainder in fee for the children of the said Amos G., with the power in the said Salile B. by joint deed with the said Amos G. to appoint the said land or any part or parts thereof to such other uses from time to time as she may deem proper, and by like deed to sell or encumber the same at their pleasure so as to vest in purchaser or purchasers, mortgagee or mortgagees, an absolute fee simple title and free of any trusts herein created, or of any interest or claim of the said children of said Amos G.

"Provided, however, and this conveyance is made subject to the condition that the said Amos G. may and he does hereby retain, reserve and hold the power to revoke in whole or in part the grant of any or all of said land or any part or parts thereof, and appoint the same to any uses to such person or persons as he may designate either by deed or writing in a form to take effect as to devisee or devisees under the Statutes of Wills in Kentucky, or he may cause such uses to spring or shift or as he may declare, but in any default or any revocation of said grant in whole or in part, and such other appointments by deed or devise as hereinbefore provided to the extent that he shall so fail to revoke or re-appoint said tracts of land, together with all appurtenances and improvements now thereon or hereafter placed thereon by the said Amos G. shall be held by the said Sallie B. for and during the term of her natural life, as her sole and separate estate, with the remainder in fee for the children of the said Amos G. with the power hereinbefore conferred upon her, and said Amos G. does hereby warrant the title to said land against the claim or claims of all persons whosoever.

"In witness whereof said Amos G. hereunto sets his hand this day and year first above written.
"AMOS G. McCAMPBELL."

Appellant bank insists that the trial court was in error in sustaining the general demurrer of McCampbell to its petition for the reasons, (1) that primarily the action was one in discovery and as there had been a judgment, execution and return of no property found against McCampbell, appellant was entitled to maintain its bill and search the conscience of McCampbell and compel him to discover any property or choses in action which he owned or held; and (2) the execution of the mortgage by McCampbell and wife to the Fidelity & Columbia Trust Company was an exercise of the power reserved by the said Amos G. McCampbell in his deed of trust to his wife and children to revoke the deed in whole, and that by the exercise of this power the deed was revoked and the lands became the property of the said McCampbell and subject to the payment of his debts.

Undoubtedly the trial court in sustaining the general demurrer of the McCampbell children to the petition entertained the opinion that the mortgage made by McCampbell to the Fidelity & Columbia Trust Company did not amount to an exercise of the power reserved by McCampbell, the appointment of a new use, or a revocation of the deed to his wife for life with remainder to his children. However this may be, the court was in error in sustaining the demurrer of McCampbell to the petition and dismissing the action for the reason that appellant was entitled to prosecute its action in discovery, a judgment, execution and return of no property found being admitted by the demurrer. We are of the opinion that the mortgage made by McCampbell and wife to the trust company, if a revocation at all, was but a *pro tanto* revocation of the deed and a *pro tanto* exercise of the power to appoint the property to a new use to the extent of the $8,000.00 mortgage made to the trust company, and no more, it appearing that the residue of the property, after the satisfaction of the mortgage, if it should be controverted to that use, remained and continued to be the property of the children of McCampbell, and not the property of McCampbell. This construction is not inconsistent with the terms of the power reserved in the deed, for it must be borne in mind that McCampbell reserved and held the power to revoke in whole or in part the grant made to his wife and children, or any part or parts thereof, and appoint the same to any uses or to

any person or persons whom he might designate either by deed or other writings, disposing of the estate. If the mortgage amounts to an exercise of the power thus reserved, it did so only to the extent of the mortgage debt and did not embrace the whole estate or any part greater than enough to satisfy the $8,000.00 with interest and cost. The residue, whatever ascertained to be, did not belong to McCampbell but was the property of his children as remaindermen. In other words, had the Fidelity & Columbia Trust Company foreclosed its mortgage and caused a sale of the lands mentioned above, only so much thereof as would be sufficient to satisfy the debt, interest and cost would have been adjudged to be sold, and the title to the remainder would have continued as set forth in the deed of McCampbell to his wife and children in 1886. If the whole of the three tracts had been sold and a balance had remained after the payment of the mortgage debt with interest and cost, this residue would belong to the children of McCampbell and would not be subject to his debts. We conceive this to be the correct construction of the limitation contained in the deed, and no doubt the one adopted by the trial court. The general demurrer of the McCampbell children should have been sustained, but that of McCampbell, the debtor, should have been overruled.

By the terms of the deed from McCampbell to his wife and children, he could revoke or appoint a new use of the property only by "deed or other writing." The mere holding, exercising and apportioning the rents and profits of the land did not, therefore, amount to an exercise of the power reserved in the deed. The well settled rule is that a power can be exercised only in the way pointed out by the instrument creating it. 31 Cyc. 1051, 1058, 1118; 1 Smyden, Powers, 268, 21 R. C. L. 30.

The six acres of land obtained by McCampbell from the community of Shakers in 1889, were not embraced in the deed of trust to his wife, but were included in the mortgage to the trust company. It may be that there is enough land in the other tract to satisfy the mortgage debt of the trust company and leave these two small tracts obtained from the community of Shakers subject to the debts of creditors of McCampbell, but this question is not now before us and we expressly reserve it until the parties plead to an issue, and prepare the case upon its merits.

Judgment affirmed in so far as it sustained the general demurrer of the McCampbell children to the petition, but reversed with direction to overrule the general demurrer filed by McCampbell to the petition, and such further proceedings as are consistent with a bill of discovery.