## McCampbell, et al. v. McCampbell, et al.

### (Decided April 13, 1923.)

### Appeal from Mercer Circuit Court.

1. Powers—Partial Revocation of Deed by Husband's Mortgagor Held not to Give Wife Interest in Land.—Where an owner of land had conveyed it to his first wife for her life with remainder to their children, by a deed in which he reserved the power to appoint the land to other uses and to other persons, a mortgage of part of the land executed by him after the death of his first wife and his remarriage, and in which his second wife joined, if a revocation of the first grant, was only a revocation pro tanto and did not give the second wife, who had no dower rights in the land because it had been conveyed before her marriage, any right to the land as against the remaindermen named in the deed.

2. Pleading—Answer Admitting Material Allegations is Insufficient, Though Containing Partial Traverses.—An answer was insufficient as against a general demurrer, though in the first paragraph it traversed part of the affirmative allegations of the petition, where as a whole it admitted the execution of the deed under which defendants claimed, and the failure of the grantor to exercise the power of revocation therein reserved by him, so that in legal effect it admitted all of the material averments of the petition.

3. Ejectment—Only Bona Fide Claimant is Entitled to Credit for Improvements Made While in Possession.—Only a bona fide claimant in possession of real property can recover for improvements placed thereon, in the absence of other equities, so that a widow who remained in possession of property after her husband's death and made improvements thereon, knowing that he had before his marriage to her, conveyed the property to his former wife for her life with remainder to their children, cannot recover from the children the value of the improvements made by her.

WM. L. WHITTINGHILL and C. C. BAGBY for appellants.

C. E. RANKIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Ida B. McCampbell is the second and last wife of the late Amos G. McCampbell, who died intestate in Mercer county in 1919, survived by the said appellant and six children by his first wife, who are defendants and appellees. At the time of the death of Amos G. McCampbell he resided upon a tract of 198 acres of fine land, estimated to be of the value of about $50,000.00. This 198-

acre tract is the last of a 530-acre tract which belonged to McCampbell in 1886, at which time he conveyed the whole of it to his first wife, Sallie B. McCampbell, for her life with remainder to their six children, reserving to himself full power to appoint the said land to other uses and to other persons.   The deed is set out in full in the opinion in the recent case of Continental Bank v. McCampbell, 184 Ky. 658.   The reservation of power made by the grantor in the deed reads: "This conveyance is made subject to the conditions that the said Amos G. may and he does hereby retain, reserve and hold power to revoke in whole or in part, the said grant hereby made of, in and to said land, or any part or parts thereof, and appoint the same to any uses and to such person or persons as he may designate either by deed or by writing in the form of and to take effect as a devise or devises under the statutes of wills of Kentucky, and he may cause such uses to spring or shift as he may declare but in default of such revocation of said grant in whole or in part and such further appointment by deed or devise as hereinbefore provided, and to the extent that he shall so fail to revoke and reappoint the said tract of land together with all of the appurtenances and improvements now thereon, or hereafter erected thereon by the said Amos G., shall be held by the said Sallie B. for and during the term of her natural life as her sole and separate estate with the remainder in fee to the children of the said Amos G. with the powers hereafter conferred upon her, and the said Amos G. doth warrant the title to the said land against the claim or claims of all persons whatsoever."

Sallie B. McCampbell, first wife of Amos G., died in 1910.   In 1912 Amos G. intermarried with appellee Ida B. McCampbell.   The deed from which we have copied was executed, delivered and recorded more than twenty-five years before said marriage.   Amos G. McCampbell did not revoke the grant made by said deed, or appoint the property to other uses or to other persons, except that he executed, after marrying the second time, two mortgages on the land amounting in the aggregate to $10,-000.00.   One of these mortgages was to the Continental Bank and was sued on in 1917.   See 184 Ky. 658.

After the death of Amos G. McCampbell in 1919, the widow, now appellant, continued to live on the farm until the fall of 1922, when the children, now appellees, demanded possession, which she refused.  This suit in eject-

ment resulted. The widow had rented some of the land to tenants for farming purposes and these tenants are made defendants with Ida B. McCampbell, and are now appellants.

The widow, as appellant, insists: (1) that the writing made by Amos G. to Sallie B. McCampbell and others, if authorized, is revoked under the statutes of Elizabeth; (2) if the opinion in the Continental National Bank v. McCampbell is the law in that case, it has no application in the case at bar and decides nothing in this case; (3) an answer denying plaintiff's ownership or right of possession presents a good defense; (4) where the owner knows his title and neglects to undeceive the occupant he will be deemed to have consented to the occupancy; (5) the court erred in dismissing the answer setting up claim for improvements; (6) wife joining with husband in mortgage is endowed in remainder of the proceeds of the sale of mortgaged premises; (7) the plaintiffs, now appellees, are estopped; (8) the doctrine of equitable estoppel is recognized in courts of common law; and (9) silence or acquiescence is sufficient.

As this is an action in ejectment the plaintiffs who are the children of Amos G. McCampbell and named as remaindermen in the deed to which we have referred are entitled to recover only in case the said deed was not revoked by Amos G. under and pursuant to the powers reserved therein by him. Clearly if the deed was not revoked the appellees, children of Amos G. McCampbell, became the absolute owners of the property at the death of their mother subject of course to the power retained by Amos G. McCampbell to revoke the grant and to appoint the property to new and different uses and to other persons. As Amos G. McCampbell died without having conveyed, encumbered or otherwise disposed of the property except by the excution of the two mortgages aforesaid, the grant continued a valid one to the extent it was not revoked by the said mortgages. In considering and construing this deed in the case of the Continental National Bank v. McCampbell, *supra,* we said: "We are of the opinion that the mortgage made by McCampbell and wife to the trust company, if a revocation at all, was but a *pro tanto* revocation of the deed and a *pro tanto* exercise of the power to appoint the property to a new use to the extent of the eight thousand ($8,000.00) dollar mortgage made to the trust company and no more, it appearing that the residue of the property, after the satisfac-

tion of the mortgage, if it should be converted to that use, remain and continue to be the property of the children of McCampbell and not the property of McCampbell." We have, therefore, definitely determined that the execution of the two said mortgages did not revoke the grant except *pro tanto*. This being true and the said deed having been executed long before the intermarriage of appellant Ida B. McCampbell with Amos G. McCampbell, she took no interest whatever in or to the said real estate by reason of the marriage relation. She was not entitled to dower in the said lands and after the death of Amos G. McCampbell she had no right to further occupy or use the premises except such as she obtained from appellees as children and grantees of their father, Amos G. McCampbell.

It is insisted by appellant that the trial court was in error in sustaining the general demurrer to the answer which contained a traverse. True, the answer in the first paragraph traversed in a way part of the affirmative allegations of the petition, but the answer as a whole admits the execution of the deed by Amos G. McCampbell to his wife, Sallie B., and children in 1886, and that he made no revocation of the said grant except such as may have resulted from the execution of the said two mortgages. In legal effect the answer admitted all of the material averments of the petition.

It is next insisted for appellant that while holding from and after the death of her husband Amos G. McCampbell, and while in good faith believing that her husband was the true and *bona fide* owner of the said lands, she placed lasting and valuable improvements on the premises for which she should be reimbursed. At the time she intermarried with Amos G. McCampbell the deed in question was on record in the proper office in Mercer county and gave constructive, if not actual, knowledge to appellant of all of its provisions. She was bound to take notice of the said deed. Moreover, this litigation was commenced several years before the death of her husband, and the appeal in the case of the Continental National Bank v. McCampbell, *supra,* was decided on May 20, 1919, before the death of McCampbell.

Only a *bona fide* claimant in possession of real property may have a recovery for improvements placed thereon, in the absence of other equities. Appellant being charged with notice of the deed and of its terms could not be held to be a *bona fide* claimant, and is not therefore

entitled to recover for improvements placed thereon. We have also held that such an equity cannot be interposed as a defense in a suit in ejectment like this. Stinebaugh v. Wisdom, 13 B. Mon. (Ky.) 467; Hoosier Mining Co. v. Union Trust Company, 173 Ky. 505; 19 C. J. 1088; Grace v. Gholson, 159 Ky. 358; and see also 15 Cyc. 71.

As the answer presented no sufficient defense to the petition, the trial court did not err in sustaining the general demurrer thereto, and upon the failure of the defendants to further plead, enter a judgment in favor of plaintiffs, now appellees.

For the reason indicated the judgment is affirmed.