# Brill, et al. v. Lynn, et al.

(Decided March 10, 1925.)

### Appeal from Webster Circuit Court.

1. Deeds—Deed with Provision for Reverter to Grantor in Event Grantee Died Without Children Held to Convey but Defeasible Fee.—Deed containing provision that if grantee died "without children, then in that case the said land above described is to revert back to the party of the first part," held to convey but a defeasible fee.

2. Deeds—Deed Conveying Fee-Simple Title to Grantee to Whom Defeasible Fee had Already been Conveyed, Held in Effect a Release by Grantor of Any Possibility of Reverter.—Where grantor in deed which conveyed but defeasible fee, and contained provision for reverter, made subsequent conveyance to same grantee, sufficient under Ky. Stats., section 2343, to convey fee-simple title, held, such second conveyance had effect of releasing to grantees any possibility of reverter, and vested in them fee-simple title though grantor's possibility of reverter under first deed was not an estate or alienable.

RAYBURN & WITHERS for appellants.

C. W. BENNETT for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

On September 20, 1922, appellees, Arizona Lynn and her husband, Carl Lynn, conveyed to appellant, Otto Brill, three tracts of land. For part of the purchase price Brill gave them purchase money lien notes to the amount of $4,000.00. The notes were not paid at maturity and appellees sued to enforce their collection under the lien. Appellees were and are nonresidents of the state of Kentucky. Making his answer a counterclaim, Brill defended claiming that the title of one of the tracts of land was defective and suing for the breach of the covenant of warranty. The chancellor sustained a demurrer to the counterclaim, construing the deeds questioned to have passed the fee simple title of the tract of land in question and that by his deed appellant took the fee in the land. The appeal has been prosecuted and the deeds in question are before us for construction.

It appears that by deed dated March 16, 1899, Squire Mooney and Amanda Mooney, his wife, conveyed the

tract of land, the title of which is questioned, to appellee, Arizona Lynn. By the caption of the deed Squire Mooney and Amanda Mooney, his wife, are named as parties of the first part, and Arizona Lynn as party of the second part. The granting clause reads: "Have granted and given, and by these presents do give, grant, alien and convey unto the said party of the second part." The habendum and warranty clause reads: "To have and to hold the same, together with its appurtenances unto the said party of the second part, her heirs and assigns forever, with covenant of general warranty." Immediately following that there appears in the deed this language: "Provided, however, that in case the said party of the second part dies without children, then in that case the said land above described is to revert back to the party of the first part or their heirs."

Without going into an elaborate discussion of the question, upon authority of the latest utterance of this court pertaining to it, as appears in Kimbrell, et al. v. Parmer, et al., decided April 18, 1924, 202 Ky. 686, and the cases therein cited, we hold that by the foregoing deed appellant, Arizona Lynn, took a defeasible fee in the tract of land thereby conveyed to her, subject to be defeated upon her dying at any time without children. The entire estate passed from the grantors to her. By the deed there was created a possibility of reverter by which in the event the grantee should eventually die without children, the land thereby granted thereupon would revert to Squire Mooney, the grantor, if he should then be living, or to the then heirs of himself and his wife, if he should then be dead.

But for the fact that subsequently the grantor in the foregoing deed made another conveyance of the same tract of land to the same grantee unquestionably the judgment of the chancellor would be erroneous and the judgment should be reversed. We find, however, that on April 16, 1908, the same Squire Mooney, named in the caption as "party of the first part," conveyed to the same Arizona Lynn and Carl Lynn, as party of the second part, the same tract of land. The granting clause in the second deed reads: "The said party of the first part does hereby grant, bargain, sell and convey to the said party of the second part, Arizona Lynn and Carl Lynn, and their bodily heirs," while the habendum clause reads: "To have and to hold the same, with all the appurtenances thereon, to the said second party, their heirs

and assigns forever, with covenant of general warranty." The terms of the foregoing deed, when construed in the light of section 2343, Kentucky Statutes, unquestionably conveyed the fee simple title of the tract of land in question to appellees, Arizona Lynn and Carl Lynn.

We are confronted, however, with appellant's contention that as the grantor in the last deed had previously conveyed to the grantee all of his estate in the tract of land in question, the second conveyance was of no effect and did not serve to convert the previous defeasible fee conveyed to appellees into a fee simple title. Appellant contends that a mere possibility of reverter is not an estate in real estate which may be the subject of conveyance and that its attempted conveyance is of no value. With reference to possibility of reverter, 21 Corpus Juris, section 180, page 1017, enunciates the following general rule:

"A possibility of reverter is, at common law, not an estate; it is inalienable, not assignable, not devisable, unless made so by statute; but it is descendable, and may be released to him in possession."

On the subject, in 23 R. C. L., section 9, page 1104, it it written:

"Where land is conveyed on a condition subsequent the right of reverter in the grantor on breach of the condition is not assignable, and, on breach of the condition, it reverts to the grantor or his heirs, and not to his assignees. No other person than the grantor, or his heirs, can take advantage of a condition which requires a re-entry in order to revest the former estate. The reason why a conveyance of land by one who has previously conveyed on a condition subsequent passes no title to the grantee is that by the first conveyance the whole estate went out of the grantor therein. He has nothing left to convey. It is true that there is a possibility that some time the title may return to him; but until it does, through his assertion of his right arising from the breach and his actual recovery of the land, there is nothing on which his conveyance to a stranger can operate. It has been held that, while he who would be entitled to an estate, if the fee conditional should presently de-

termine, cannot devise or convey it, yet he may release it to the tenant in fee conditional, so as to make his estate an absolute fee simple.''

Our investigation of the question has led to the interesting discovery that while the courts of this country uniformly have held that the mere possibility of reverter is not an estate and is inalienable, they have with equal uniformity held that in cases where the grantor of a defeasible fee, who, under the grant, possesses a possibility of reverter, subsequently conveys the possibility of reverter to a stranger, although the attempted conveyance is held to be ineffectual in so far as it undertakes to convey any right or interest to the grantee, it has the effect of extinguishing the grantor's possibility of reverter. One of the outstanding cases on the question is that of Wagner v. Wallowa, 76 Or. 453, 148 Pac. 1140, 1916F L. R. A. 303. In the latter publication an interesting annotation and collation of the authorities and discussion of the various cases may be found. Since the case here presented does not possess that feature, as there was no attempted alienation to a stranger of the possibility of reverter, we will not go further into the question.

While the cases seem to be few, the courts both of this country and of England seem to support the texts of Corpus Juris and R. C. L., quoted above, that announce it as a principle of law that a possibility of reverter may be released by the grantor to the holder of the defeasible fee. The outstanding case on that question in this country seems to be that of Vaughn v. Langford, 81 S. C. 282, 62 S. E. 316, 128 A. S. R. 912, 16 Ann. Cases 91. The supporting cases, both American and English, are found cited in that opinion, and there seems to be no dissent from the doctrine. We, therefore, hold that by the second conveyance Squire Mooney released unto the holder of the defeasible fee all possibility of reverter, and the second deed had the effect of vesting in appellees, Arizona Lynn and her husband, the fee simple title to the tract of land in question.

The conclusion makes it unnecessary for the court to consider the effect of our statutes with reference to conveyances and the interests in lands that may be conveyed to determine whether or not under our statutes the possibility of reverter is such an interest in land as may be conveyed. Having concluded that by the two deeds in question appellees became the owner of the fee simple

title of the lands, their conveyance of it to appellant was valid and he thereby likewise became the owner of the fee therein. Consequently, we hold that the chancellor properly sustained the demurrer to appellant's answer and counterclaim, and the judgment herein is affirmed.