# BOARD OF MISSIONS OF METHODIST EPISCOPAL CHURCH, SOUTH, v. MAYO et al.

# BOARD OF EDUCATION OF PAINTSVILLE, KY., v. MAYO et al.

## Nos. 6881, 6882.

Circuit Court of Appeals, Sixth Circuit.

Feb. 7, 1936.

---

450

Geo. S. Wallace, of Huntington, W. Va., for Board of Missions of Methodist Episcopal Church.

George B. Martin, of Catlettsburg, Ky. (Fred Howes, of Paintsville, Ky., Martin & Smith, of Catlettsburg, Ky., and M. O. Wheeler, of Paintsville, Ky., on the brief), for Board of Education of Paintsville, Ky.

Le Wright N. Browning, of Ashland, Ky. (Hannah, Van Sant & McKenzie, of Ashland, Ky., on the brief), for Mrs. Alice Mayo.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

This is an appeal from a decree adjudicating conflicting claims to two tracts of land situated in Johnson county, Ky., in and adjoining the city of Paintsville. The smaller tract, consisting of 7.35 acres, known as the Seminary tract, was deeded by John C. C. Mayo and his wife, Alice Mayo, an appellee herein, to the John C. C. Mayo College (then the Sandy Valley Seminary) October 31, 1906. The second tract, known as the Mansion tract, containing 72.22 acres, was donated to the seminary by Mrs. Mayo by deed dated May 5, 1920. The deed for the Seminary Tract provided for the forfeiture of the title to the property conveyed and the vesting of it in the Paintsville Graded Common School District in the event the Sandy Valley Seminary should fail to conduct and maintain an institution for instruction as contemplated in its articles of incorporation "for as many as seven months in two successive scholastic years." It further provided that the grantors or the survivor of them should have the right to change the conveyance in any and all of its terms, including the right unconditionally to vest the title to the property in the seminary in fee simple, upon the joint approval of the grantee, the Western Virginia Conference of the Methodist Episcopal Church, South, and the Kentucky Conference of the Methodist Episcopal Church. Pursuant to this reservation Alice Mayo (then Alice Fetter), as surviving grantor and as sole devisee under the will of her deceased husband, John C. C. Mayo, by deeds dated February 2, 1918, and December 2, 1918, conveyed the tract absolutely and unconditionally to the seminary, with the approval of the seminary and the two conferences. The deed to the Mansion tract was made subject to the conditions that the name of the seminary should be changed to that of John C. C. Mayo College, and that the Western Virginia Conference should, within ten years from January of 1919, establish an endowment fund for the institution of $165,000, either in cash or in good interest-bearing securities, the income therefrom to be used for the ordinary running expenses of the institution in perpetuity. The deed recites compliance with the latter condition to the satisfaction of the grantor, but the evidence shows that no endowment fund was ever raised or established.

The college was operated under the auspices of the Western Virginia Conference. Between 1920 and 1923 appellant, the Board of Missions of the Methodist Episcopal Church, South, donated or contributed to the college sums of money aggregating $30,000. All of this money was expended in running the institution; none of it was used as an endow-

ment fund. At the close of the scholastic year 1929, the Western Virginia Conference permanently abandoned the college and since then no attempt has been made to maintain or operate it. On October 14, 1931, the Board of Missions of the Methodist Episcopal Church, South, caused the Board of Trustees of the college to execute to the Board of Missions an instrument purporting to be a mortgage on the two tracts of land to secure the repayment to the Board of Missions of the $30,000 which it had advanced or donated to the college. In November of 1931 the Board of Missions brought suit against Alice Mayo and others, alleging that the instrument executed on October 14, 1931, constituted a valid mortgage lien on the two tracts of land and praying that the mortgaged premises be sold to satisfy the debt secured thereby. The Board of Education of Paintsville filed answer and counterclaim in which it denied the Board of Missions' claim of a lien on the Seminary tract, and alleged that title to that tract had passed to and was vested in it under the deed of October 31, 1906. Alice Mayo also filed answer and counterclaim in which she denied the claims of both the Board of Missions and the Board of Education, and alleged that the conveyances were for charitable purposes and that, the purposes having failed, title to the lands had reverted to and was vested in her as the surviving donor of the Seminary tract and as the sole donor of the Mansion tract. The trial court adjudged ownership of the tracts to Alice Mayo free from the claims of the Board of Missions and the Board of Education.

■ There is no question that the two tracts were conveyed to the seminary as gifts for charitable purposes, and that upon the abandonment of the college the purposes for which the gifts were made failed. It is the law in Kentucky that upon the failure of the purposes of a charitable gift the property reverts to the donor. Taylor v. Rogers, 130 Ky. 112, 112 S.W. 1105; Grundy v. Neal, 147 Ky. 729, 145 S.W. 401; Trustees of Baptist Female College v. Barren County Board of Education, 190 Ky. 565, 228 S.W. 19. Obviously, therefore, the Mansion tract reverted to Alice Mayo upon the closing of the school and its abandonment by the Western Virginia Conference. It was not necessary that the deed conveying the property carry a provision of such re-

verter, for, as held in Kentucky in the authorities cited, it was enough to revest title in the donor that the purposes for which the gift was made failed. The Board of Missions does not deny the reversion, but contends that the donor took thereunder subject to a lien placed on the property by the instrument of October 14, 1931. The trial court found as a fact that the $30,000 advanced to the college by the Board of Missions was a gift. We do not think it material whether it be regarded as a gift or a loan. If the latter, and if made on an understanding that it would be secured by a mortgage, still no such mortgage was given as effected a lien on the property as against the rights of the donor. The school was abandoned at the close of the scholastic year 1929. The instrument purporting to mortgage the property to the Board of Missions was not executed and delivered until October of 1931, more than two years after the school had been abandoned. At that time the purposes of the gift had failed and the title to the property had already revested in the donor, Alice Mayo. The defunct Board of Trustees of the college consequently, could not at that time place a lien on the property by executing a mortgage thereon to the Board of Missions. The claim of the Board of Missions is therefore an unsecured claim against the college, and neither the Mansion nor the Seminary tract is liable for its payment.

■ The claim of the Board of Education to the Seminary tract rests upon the provision in the deed of October 31, 1906, to the effect that upon the failure of the seminary to conduct an institution of learning as provided in its articles of incorporation for as many as seven months in two successive scholastic years, the title conveyed to the seminary should pass to and vest in the Paintsville Graded Common School District. This provision, had it not been modified by the exercise of the power reserved to the donors, would require an upholding of the contention of the Board of Education, for it is admitted that at the time the Board filed its claim in this proceeding the seminary had forfeited title by failing to conduct a school for seven months in two successive scholastic years. The provision was made ineffective, however, by the deed of December 2, 1918, conveying the absolute title to the seminary. This deed was executed pur-

suant to the reserved power hereinbefore referred to. Such a reservation in a deed is held by the Kentucky courts to be valid (Ricketts v. Louisville, etc., Railway Company, 91 Ky. 221, 15 S.W. 182, 11 L.R.A. 422, 34 Am.St.Rep. 176; Columbia Trust Co. v. Christopher, 133 Ky. 335, 117 S.W. 943; Continental National Bank v. McCampbell, 184 Ky. 658, 213 S.W. 193; McCampbell v. McCampbell, 198 Ky. 816, 250 S.W. 122); and in our opinion the exercise by Mrs. Mayo of the power thus reserved cannot be defeated by invoking the rule applicable to the exercise of a naked power not coupled with an interest. Mrs. Mayo was a joint grantor. She held an inchoate right of dower in the property at the time the deed was made. This was a valuable interest in the property. Ward v. Crotty, 4 Metc. (61 Ky.) 59; Mulligan v. Mulligan, 161 Ky. 628, 171 S.W. 420. Having this interest, she, with Mr. Mayo, her joint donor, reserved to herself, in case of Mayo's death, the power of revocation. Her dower rights were of themselves a sufficient interest in the property to justify the exercise of this power. In that view it is not necessary to consider whether the possibility of a reverter to her as heir or devisee of Mayo constituted such an interest. Compare Patterson v. Patterson, 135 Ky. 339, 122 S.W. 169; Brill v. Lynn, 207 Ky. 757, 270 S.W. 20, 38 A.L.R. 1109; Bowling v. Grace, 219 Ky. 496, 293 S.W. 964.

The decree is affirmed.